

ORIGINAL FILED

JAN 13 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

James J. Elacqua (State Bar No.: 187897)
E-mail: JElacqua@dbllp.com
Jeannine Yoo Sano (State Bar No.: 174190)
E-mail: JSano@dbllp.com
Saxon S. Noh (State Bar No.: 207845)
E-mail: SNoh@dbllp.com
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

Pierre J. Hubert (*pro hac vice* pending)
E-mail: PHubert@dbllp.com
Craig N. Tolliver (*pro hac vice* pending)
E-mail: CTolliver@dbllp.com
DEWEY BALLANTINE LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 226-0300
Facsimile: (512) 226-0333

Attorneys for Plaintiff
Rambus Inc.

E-Filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>    Defendants. | Case No. C 06-00244 EMC<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff Rambus Inc. states the following as its Complaint against Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively "Defendants").

## THE PARTIES

1.      Rambus is a corporation organized and existing under the laws of Delaware, with its principal place of business in Los Altos, California. Rambus is a technology leader in developing chip-to-chip interface solutions that enable higher performance and system

1  bandwidth for a broad range of consumer electronic, computing and networking applications.
2  Rambus memory and logic interface products provide the connection from chip-to-chip, system-
3  to-system and person-to-person, enabling state-of-the-art performance for users of PCs, video
4  game consoles, printers, digital TVs, set-top boxes, printers, video projectors, network switches
5  and routers.

6  2.  Upon information and belief, Defendant Micron Technology, Inc. is a corporation
7  organized and existing under the laws of Delaware, with its principal place of business located at
8  8000 South Federal Way, Boise, Idaho 83707-0006. Upon information and belief, Defendant
9  Micron Semiconductor Products, Inc. is a wholly owned subsidiary of Micron Technology, Inc.,
10 which maintains an office at 2125 Onel Drive, San Jose, California 95131. Upon information
11 and belief, Defendant Micron Semiconductor Products, Inc., also does business through its
12 division Crucial Technology, which maintains an office at 3475 East Commercial Court,
13 Meridian, Idaho 83642. Defendants Micron Technology, Inc. and Micron Semiconductor
14 Products, Inc., including Crucial Technology, (collectively "Defendants") transact substantial
15 business, either directly or through their agents, on an ongoing basis in this judicial district and
16 elsewhere in the United States.

17 3.  Unless specifically stated otherwise, the acts complained of herein were
18 committed by, on behalf of, and/or for the benefit of Defendants.

## NATURE OF THE ACTION

20 4.  This is an action for patent infringement.

21 5.  Defendants have infringed and continue to infringe, contribute to the infringement
22 of, and/or actively induce others to infringe Rambus's U.S. Patent No. 6,182,184 ("the '184
23 Patent"), U.S. Patent No. 6,260,097 ("the '097 Patent"), U.S. Patent No. 6,266,285 ("the '285
24 Patent"), U.S. Patent No. 6,314,051 ("the '051 Patent"), U.S. Patent No. 6,493,789 ("the '789
25 Patent"), U.S. Patent No. 6,496,897 ("the '897 Patent"), U.S. Patent No. 6,546,446 ("the '6,446
26 Patent"), U.S. Patent No. 6,564,281 ("the '281 Patent"), U.S. Patent No. 6,584,037 ("the '037
27 Patent"), U.S. Patent No. 6,697,295 ("the '295 Patent"), U.S. Patent No. 6,701,446 ("the '1,446
28 Patent"), U.S. Patent No. 6,715,020 ("the '5,020 Patent"), U.S. Patent No. 6,751,696 ("the '696

Patent"), U.S. Patent No. 6,807,598 ("the '598 Patent"), U.S. Patent No. 6,324,120 ("the '120 Patent"), U.S. Patent No. 6,378,020 ("the '8,020 Patent"), U.S. Patent No. 6,426,916 ("the '916 Patent"), and/or U.S. Patent No. 6,452,863 ("the '863 Patent") (collectively "Rambus Patents").

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California and have infringed, have contributed to the infringement of, have actively induced, continue to infringe, continue to contribute to the infringement of, and/or continue to actively induce others to infringe Rambus Patents as alleged below.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because a substantial part of the events giving rise to Rambus's claims occurred in the Northern District of California and because each defendant is either resident in or otherwise subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

9. Rambus is one of the world's leading designers of memory technologies used in computers, consumer electronics and network systems. Rambus also licenses its technology to various consumers, which incorporate Rambus memory technologies into various products, including memory components, memory modules, memory controllers and memory systems.

10. Upon information and belief, Defendants are in the business of, *inter alia*, making, using, selling, importing and/or offering for sale products in the United States that consist of or include: DDR2 (Double Data Rate 2), GDDR2 (Graphics Double Data Rate 2), GDDR3 (Graphics Double Data Rate 3), and/or RLDRAM II (Reduced Latency DRAM II) memory components; DDR2 memory modules; and/or DDR2, GDDR2, and/or GDDR3 memory controllers (collectively "Accused Products").

11. Upon information and belief, each of the Defendants has made, used, sold, imported and/or offered for sale products consisting of or including Accused Products.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

12. On January 30, 2001, U.S. Patent No. 6,182,184 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having a Variable Data Input Length." A true and correct copy of the '184 Patent is attached as Exhibit A and incorporated herein by reference.

13. On July 10, 2001, U.S. Patent No. 6,260,097 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method and Apparatus for Controlling a Synchronous Memory Device." A true and correct copy of the '097 Patent is attached as Exhibit B and incorporated herein by reference.

14. On July 24, 2001, U.S. Patent No. 6,266,285 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having Write Latency." A true and correct copy of the '285 Patent is attached as Exhibit C and incorporated herein by reference.

15. On November 6, 2001, U.S. Patent No. 6,314,051 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having Write Latency." A true and correct copy of the '051 Patent is attached as Exhibit D and incorporated herein by reference.

16. On December 10, 2002, U.S. Patent No. 6,493,789 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Which Receives Write Masking and Automatic Precharge Information." A true and correct copy of the '789 Patent is attached as Exhibit E and incorporated herein by reference.

17. On December 17, 2002, U.S. Patent No. 6,496,897 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Semiconductor Memory Device Which Receives Write Masking Information." A true and correct copy of the '897 Patent is attached as Exhibit F and incorporated herein by reference.

18. On April 8, 2003, U.S. Patent No. 6,546,446 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Memory Device Having Automatic Precharge." A true and correct copy of the '6,446 Patent is attached as Exhibit G and incorporated herein by reference.

19. On May 13, 2003, U.S. Patent No. 6,564,281 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Memory Device Having Automatic Precharge." A true and correct copy of the '281 Patent is attached as Exhibit H and incorporated herein by reference.

20. On June 24, 2003, U.S. Patent No. 6,584,037 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Which Samples Data After an Amount of Time Transpires." A true and correct copy of the '037 Patent is attached as Exhibit I and incorporated herein by reference.

21. On February 24, 2004, U.S. Patent No. 6,697,295 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Programmable Register." A true and correct copy of the '295 Patent is attached as Exhibit J and incorporated herein by reference.

22. On March 2, 2004, U.S. Patent No. 6,701,446 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Power Control System for Synchronous Memory Device." A true and correct copy of the '1,446 Patent is attached as Exhibit K and incorporated herein by reference.

23. On March 30, 2004, U.S. Patent No. 6,715,020 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Integrated Circuit Device." A true and correct copy of the '5,020 Patent is attached as Exhibit L and incorporated herein by reference.

24. On June 15, 2004, U.S. Patent No. 6,751,696 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Programmable Register." A true and correct copy of the '696 Patent is attached as Exhibit M and incorporated herein by reference.

25. On October 19, 2004, U.S. Patent No. 6,807,598 was duly and legally issued to and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Integrated Circuit Device Having Double Data Rate Capability." A true and correct copy of the '598 Patent is attached as Exhibit N and incorporated herein by reference.

Complaint for Patent Infringement and Jury Demand

26. On November 27, 2001, U.S. Patent No. 6,324,120 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having A Variable Data Output Length." A true and correct copy of the '120 Patent is attached as Exhibit O and incorporated herein by reference.

27. On April 23, 2002, U.S. Patent No. 6,378,020 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "System Habing Double Data Transfer Rate and Integrated Circuit Therefor." A true and correct copy of the '8,020 Patent is attached as Exhibit P and incorporated herein by reference.

28. On July 30, 2002, U.S. Patent No. 6,426,916 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Variable Data Output Length and a Programmable Register." A true and correct copy of the '916 Patent is attached as Exhibit Q and incorporated herein by reference.

29. On September 17, 2002, U.S. Patent No. 6,452,863 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having a Variable Data Input Length." A true and correct copy of the '863 Patent is attached as Exhibit R and incorporated herein by reference.

30. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Rambus Patents.

31. Rambus is entitled to recover from Defendants the actual damages sustained by Rambus as a result of Defendants' wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven at trial, together with interest and costs.

32. Upon information and belief, Defendants' infringement of the Rambus Patents as set forth herein is willful, deliberate and in disregard of Rambus's patent rights, and Rambus is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

## COUNT I
### (Patent Infringement of U.S. Patent No. 6,182,184
### Under 35 U.S.C. § 271, *et. seq.*)

33. Rambus incorporates by reference and realleges paragraphs 1 through 32 above as though fully restated herein.

34. Upon information and belief, Defendants (1) have infringed and continue to infringe the '184 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '184 Patent, and/or actively induced others to infringe the '184 Patent, in this district and elsewhere in the United States.

## COUNT II
### (Patent Infringement of U.S. Patent No. 6,260,097
### Under 35 U.S.C. § 271, *et. seq.*)

35. Rambus incorporates by reference and realleges paragraphs 1 through 34 above as though fully restated herein.

36. Upon information and belief, Defendants (1) have infringed and continue to infringe the '097 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '097 Patent, and/or actively induced others to infringe the '097 Patent, in this district and elsewhere in the United States.

## COUNT III
### (Patent Infringement of U.S. Patent No. 6,266,285
### Under 35 U.S.C. § 271, *et. seq.*)

37. Rambus incorporates by reference and realleges paragraphs 1 through 36 above as though fully restated herein.

38. Upon information and belief, Defendants (1) have infringed and continue to infringe the '285 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

Products, and/or (2) have contributed to the infringement of the '285 Patent, and/or actively induced others to infringe the '285 Patent, in this district and elsewhere in the United States.

## COUNT IV
### (Patent Infringement of U.S. Patent No. 6,314,051 Under 35 U.S.C. § 271, *et. seq.*)

39. Rambus incorporates by reference and realleges paragraphs 1 through 38 above as though fully restated herein.

40. Upon information and belief, Defendants (1) have infringed and continue to infringe the '051 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '051 Patent, and/or actively induced others to infringe the '051 Patent, in this district and elsewhere in the United States.

## COUNT V
### (Patent Infringement of U.S. Patent No. 6,493,789 Under 35 U.S.C. § 271, *et. seq.*)

41. Rambus incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

42. Upon information and belief, Defendants (1) have infringed and continue to infringe the '789 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '789 Patent, and/or actively induced others to infringe the '789 Patent, in this district and elsewhere in the United States.

## COUNT VI
### (Patent Infringement of U.S. Patent No. 6,496,897 Under 35 U.S.C. § 271, *et. seq.*)

43. Rambus incorporates by reference and realleges paragraphs 1 through 42 above as though fully restated herein.

44. Upon information and belief, Defendants (1) have infringed and continue to infringe the '897 Patent by making, using, offering to sell, selling (directly or through

intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '897 Patent, and/or actively induced others to infringe the '897 Patent, in this district and elsewhere in the United States.

## COUNT VII
### (Patent Infringement of U.S. Patent No. 6,546,446 Under 35 U.S.C. § 271, *et. seq.*)

45. Rambus incorporates by reference and realleges paragraphs 1 through 44 above as though fully restated herein.

46. Upon information and belief, Defendants (1) have infringed and continue to infringe the '6,446 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '6,446 Patent, and/or actively induced others to infringe the '6,446 Patent, in this district and elsewhere in the United States.

## COUNT VIII
### (Patent Infringement of U.S. Patent No. 6,564,281 Under 35 U.S.C. § 271, *et. seq.*)

47. Rambus incorporates by reference and realleges paragraphs 1 through 46 above as though fully restated herein.

48. Upon information and belief, Defendants (1) have infringed and continue to infringe the '281 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '281 Patent, and/or actively induced others to infringe the '281 Patent, in this district and elsewhere in the United States.

## COUNT IX
### (Patent Infringement of U.S. Patent No. 6,584,037 Under 35 U.S.C. § 271, *et. seq.*)

49. Rambus incorporates by reference and realleges paragraphs 1 through 48 above as though fully restated herein.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

Complaint for Patent Infringement and Jury Demand

50. Upon information and belief, Defendants (1) have infringed and continue to infringe the '037 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '037 Patent, and/or actively induced others to infringe the '037 Patent, in this district and elsewhere in the United States.

## COUNT X
### (Patent Infringement of U.S. Patent No. 6,697,295 Under 35 U.S.C. § 271, *et. seq.*)

51. Rambus incorporates by reference and realleges paragraphs 1 through 50 above as though fully restated herein.

52. Upon information and belief, Defendants (1) have infringed and continue to infringe the '295 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '295 Patent, and/or actively induced others to infringe the '295 Patent, in this district and elsewhere in the United States.

## COUNT XI
### (Patent Infringement of U.S. Patent No. 6,701,446 Under 35 U.S.C. § 271, *et. seq.*)

53. Rambus incorporates by reference and realleges paragraphs 1 through 52 above as though fully restated herein.

54. Upon information and belief, Defendants (1) have infringed and continue to infringe the '1,446 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '1,446 Patent, and/or actively induced others to infringe the '1,446 Patent, in this district and elsewhere in the United States.

## COUNT XII
### (Patent Infringement of U.S. Patent No. 6,715,020
### Under 35 U.S.C. § 271, *et. seq.*)

55.  Rambus incorporates by reference and realleges paragraphs 1 through 54 above as though fully restated herein.

56.  Upon information and belief, Defendants (1) have infringed and continue to infringe the '020 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '5,020 Patent, and/or actively induced others to infringe the '020 Patent, in this district and elsewhere in the United States.

## COUNT XIII
### (Patent Infringement of U.S. Patent No. 6,751,696
### Under 35 U.S.C. § 271, *et. seq.*)

57.  Rambus incorporates by reference and realleges paragraphs 1 through 56 above as though fully restated herein.

58.  Upon information and belief, Defendants (1) have infringed and continue to infringe the '696 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '696 Patent, and/or actively induced others to infringe the '696 Patent, in this district and elsewhere in the United States.

## COUNT XIV
### (Patent Infringement of U.S. Patent No. 6,807,598
### Under 35 U.S.C. § 271, *et. seq.*)

59.  Rambus incorporates by reference and realleges paragraphs 1 through 58 above as though fully restated herein.

60.  Upon information and belief, Defendants (1) have infringed and continue to infringe the '598 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

Products, and/or (2) have contributed to the infringement of the '598 Patent, and/or actively induced others to infringe the '598 Patent, in this district and elsewhere in the United States.

### COUNT XV
### (Patent Infringement of U.S. Patent No. 6,324,120
### Under 35 U.S.C. § 271, *et. seq.*)

61. Rambus incorporates by reference and realleges paragraphs 1 through 60 above as though fully restated herein.

62. Upon information and belief, Defendants (1) have infringed and continue to infringe the '120 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '120 Patent, and/or actively induced others to infringe the '120 Patent, in this district and elsewhere in the United States.

### COUNT XVI
### (Patent Infringement of U.S. Patent No. 6,378,020
### Under 35 U.S.C. § 271, *et. seq.*)

63. Rambus incorporates by reference and realleges paragraphs 1 through 62 above as though fully restated herein.

64. Upon information and belief, Defendants (1) have infringed and continue to infringe the '8,020 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '8,020 Patent, and/or actively induced others to infringe the '8,020 Patent, in this district and elsewhere in the United States.

### COUNT XVII
### (Patent Infringement of U.S. Patent No. 6,426,916
### Under 35 U.S.C. § 271, *et. seq.*)

65. Rambus incorporates by reference and realleges paragraphs 1 through 64 above as though fully restated herein.

66. Upon information and belief, Defendants (1) have infringed and continue to infringe the '916 Patent by making, using, offering to sell, selling (directly or through

intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '916 Patent, and/or actively induced others to infringe the '916 Patent, in this district and elsewhere in the United States.

## COUNT XVIII
### (Patent Infringement of U.S. Patent No. 6,452,863 Under 35 U.S.C. § 271, *et. seq.*)

67. Rambus incorporates by reference and realleges paragraphs 1 through 66 above as though fully restated herein.

68. Upon information and belief, Defendants (1) have infringed and continue to infringe the '863 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '863 Patent, and/or actively induced others to infringe the '863 Patent, in this district and elsewhere in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Rambus asks this Court to enter judgment in its favor against Defendants and grant the following relief:

A. An adjudication that Defendants have infringed and continue to infringe the Rambus Patents as alleged above;

B. An accounting of all damages sustained by Rambus as a result of Defendants' acts of infringement;

C. An award to Rambus of actual damages adequate to compensate Rambus for Defendants' acts of patent infringement, together with prejudgment interest;

D. An award to Rambus of enhanced damages, up to and including trebling of Rambus's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

E. An award of Rambus's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants, and each of their agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with them, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Rambus Patents;

G. Any further relief that this Court deems just and proper.

Respectfully submitted,

DATED: January 13, 2006

DEWEY BALLANTINE LLP

By: /s/ Saxon S. Noh
Saxon S. Noh

Attorneys for Plaintiff
RAMBUS INC.

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 3-6, Rambus demands a trial by jury of all issues so triable in this matter.

Respectfully submitted,

DATED: January 13, 2006

DEWEY BALLANTINE LLP

By: /s/ Saxon S. Noh
Saxon S. Noh

Attorneys for Plaintiff
RAMBUS INC.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

AUI 21426v1