*E-filed:* 8/30/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>JOINT CASE MANAGEMENT ORDER **[Re: August 29, 2007 Joint Conference]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW |

JOINT CASE MANAGEMENT ORDER—C-00-20905 RMW
SPT

| | |
|---|---|
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>Defendants. | No. C-05-02298 RMW |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>Defendants. | No. C-06-00244 RMW |

The court held a telephone case management conference on August 29, 2007 to discuss, among other things, an appropriate limitation on the number of live witnesses each of the parties can call in their cases-in-chief at the upcoming trial set for January 22, 2008. The parties submitted letter briefs setting forth their positions and were given the opportunity to orally address the issues. The court has carefully considered the submissions and arguments and finds that the limitations set forth below insure that each party has a fair opportunity to present its case and at the same time limits potential discovery expense and abuse and assures that the parties are focused in their trial preparation.

The court intended after it first read the parties' submissions to limit the number of fact witnesses significantly more than it has in this order. However, given that almost all of the witnesses have previously testified at trial, the FTC proceedings or in deposition, the court finds that the burden of deposition discovery is not as great as the court previously assumed. There is probably no need to depose certain witnesses and the depositions of some other witnesses may be very brief. However, if the required statements of expected witness testimony reveal a substantial

JOINT CASE MANAGEMENT ORDER—C-00-20905 RMW
SPT                                                                                             2

amount of unanticipated, new subject matter, the court will consider an application for relief.

The court orders:

1. Each side (Rambus on one side and Hynix, Samsung, Micron and Nanya (collectively the "manufacturers") on the other) is allowed to call the following witnesses in their cases-in-chief: Anthony Diepenbrock, Joel Karp, Neil Steinberg, Geoff Tate, Lester Vincent and Farhad Tabrizi. In addition, the manufacturers may call Richard Crisp.

2. Rambus may call 24 witnesses in addition to the 6 identified in paragraph 1. Sixteen of those witnesses must come from its reduced witness list identified in its letter to the court dated August 29, 2007. The last 2 witnesses must be identified by August 31. Rambus may name alternates for the manufacturers' trial counsel identified in its reduced list in its August 29, 2007 letter.

3. The manufacturers as a group may call 11 of the non-Rambus witnesses common to the manufacturers as identified in the manufacturers' letter to the court dated August 29, 2007.

4. Each of the manufacturers may in addition call 3 witnesses from the list of witnesses unique to each manufacturer set forth in the manufacturers' August 29, 2007 letter to the court—this number may be increased by agreement of the manufacturers by one witness for each witness removed from the list of 11 described in paragraph 3.

5. For each witness that any party intends to call who has not previously testified at trial, in the FTC proceedings or at deposition in a matter involving Rambus, the party intending to call that witness must serve on each other party by September 5, 2007, or 24 hours before the witness testifies, whichever occurs first, a summary of the witness's expected testimony sufficient to inform all parties of the factual issues on which the witness may testify. If the witness has previously testified, a summary of expected testimony is required only if the witness is going to testify on a new subject or concerning events occurring since he or she previously testified.

6. Witnesses to be called *solely* for impeachment or rebuttal need not be included. A rebuttal witness is narrowly defined as a witness whose testimony rebuts a new issue raised by the testimony of a witness in opposition to a party's case-in-chief or affirmative defense on which the party has the burden of proof.

**United States District Court**
For the Northern District of California

7. The parties are expected to reduce their live witness lists further before the pretrial conference and the court may limit the number of witnesses that can be called at trial in addition to setting time limits for trial at the pretrial conference.

8. This order is without prejudice to an application by any party for substitution or addition of witnesses but only upon good cause shown on application to the court.

9. This order is made on the assumption that all witnesses will be produced in California for deposition, if requested. A failure to produce a witness in California may result in a reduction of the number of live witnesses allowed to be called.

10. An agreed-upon schedule for the depositions of all initially disclosed expert witnesses must be filed with the court by Friday, August 31, 2007. The court should be alerted to any unscheduled deposition and such deposition will be scheduled by the court around, to the extent possible, any unavoidable conflicts of counsel or the witness. Failure of the witness to appear as scheduled will preclude, absent extraordinary circumstances, the witness from testifying at trial.

11. No trial counsel is to be deposed or called as a witness absent further order of the court. A representative of trial counsel's firm may be deposed on the issue of attorney's fees and expenses incurred but not called as a witness absent further order of the court.

12. The court may re-visit at or before the pretrial conference the question of whether judicial economy and fairness is best served by conducting the trial now set for January 22, 2008 as a consolidated proceeding or whether there are too many party unique issues to make a consolidated trial fair and efficient. The court at this point believes that the consolidation still makes sense but is concerned about the number of witnesses listed for unique issues and the differences in the parties' lists of issues.

13. Micron and Nanya confirmed that their antitrust claims will be fully resolved at the January 22 trial despite their statements on the attachments to the Joint Case Management Conference Statement filed July 31, 2007 saying that "[a] part of Rambus's anticompetitive course of conduct includes spoliation of evidence. This part of Micron's (Nanya's) monopolization claim cannot be fully tried in the January 2008 module." Micron and Nanya do contend, however, that spoliation has relevance to Rambus's intent and thus evidence of it may be admissible in the January

2008 trial. Rambus disagrees and points out that it previously agreed with Hynix that neither of them would seek to admit spoliation evidence at the January 2008 trial. Rambus also contends that Micron and Nanya elected to try their spoliation claims in separate modules and thus should not be permitted to offer evidence of spoliation at the January 2008 trial. The question of the admissibility of alleged spoliation evidence will have to be resolved by *in limine* motion. The parties will need to address, among other things, how such evidence, if admitted, could be limited such that it would not prejudice Rambus in its defense of Hynix's antitrust claims.

14. The parties are to confirm by letter sent within 10 days a list of the hearing dates of all motions which have been filed but which have not yet been heard.

DATED:    8/30/07

RONALD M. WHYTE
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

| **Counsel for plaintiff:** | **Counsel for defendant:** |
|---|---|
| Daniel J. Furniss<br>Theodore G. Brown, III<br>Jordan Trent Jones<br>Townsend & Townsend & Crew LLP<br>379 Lytton Ave<br>Palo Alto, CA 94301 | Gregory Stone<br>Kelly M. Klaus<br>Steven M. Perry<br>Munger Tolles & Olson<br>355 So Grand Ave Ste 3500<br>Los Angeles, CA 90071-1560 |
| Patrick Lynch<br>Kenneth R. O'Rourke<br>O'Melveny & Myers<br>400 So Hope St Ste 1060<br>Los Angeles, CA 90071-2899 | Peter A. Detre<br>Carolyn Hoecker Luedtke<br>Munger Tolles & Olson<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105-2907 |
| Kenneth L. Nissly<br>Susan van Keulen<br>Geoffrey H. Yost<br>Thelen Reid Brown Raysman & Steiner LLP<br>225 West Santa Clara Street, 12th Floor<br>San Jose, CA 95113-1723 | Peter I Ostroff<br>Rollin A. Ransom<br>Michelle B. Goodman<br>V. Bryan Medlock, Jr.<br>Sidley Austin Brown & Wood<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013-1010 |
| Allen Ruby<br>Ruby & Schofield<br>125 South Market Street, Suite 1001<br>San Jose, CA 95113-2285 | Jeannine Yoo Sano<br>Pierre J. Hubert<br>Dewey Ballantine<br>1950 University Avenue, Suite 500<br>East Palo Alto, CA 94303 |

**Dated:** _____8/30/07_____        _____SPT_____
                                    **Chambers of Judge Whyte**

JOINT CASE MANAGEMENT ORDER—C-00-20905 RMW
SPT                                6