Gregory P. Stone (SBN 078329)
Steven M. Perry (SBN 106154)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702
Email: gregory.stone@mto.com; steven.perry@mto.com

Peter A. Detre (State Bar No. 182619)
Carolyn Hoecker Luedtke (State Bar No. 207976)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
Telephone:     415-512-4000
Facsimile:     415-512-4077
Email: peter.detre@mto.com; carolyn.luedtke@mto.com

Pierre J. Hubert (Pro Hac Vice)
Craig N. Tolliver (Pro Hac Vice)
McKOOL SMITH PC
300 West 6th Street, Suite 1700
Austin, TX  78701
Telephone:     512-692-8700
Facsimile:     512-692-8744
Email: phubert@mckool.com; ctolliver@mckool.com

Attorneys for Plaintiff
RAMBUS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC., | CASE NO. C 05 00334 RMW |
| Plaintiff, | **RAMBUS INC.'S MOTION TO STRIKE JURY DEMANDS WITH RESPECT TO THE JANUARY 22, 2008 TRIAL** |
| vs. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | Date:     October 26, 2007<br>Time:     9:00 a.m. |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | Hon. Ronald M. Whyte<br>Courtroom 6, 4th Floor |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |

3645260.3

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA, INC.; HYNIX SEMICONDUCTOR U.K. LTD.; and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH, <br><br> Plaintiff, <br><br> vs. <br><br> RAMBUS INC., <br><br> Defendant. | CASE NO. CV 00-20905 RMW |
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | CASE NO. C 05-02298 RMW |
| RAMBUS INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC., <br> Defendant. | CASE NO. C 06-00244 RMW |

TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH (collectively referred to herein as "Hynix"), MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC. (collectively referred to herein as "Micron"), NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A. ("Nanya") (collectively, the "Manufacturers") AND THEIR COUNSEL OF RECORD:

1      PLEASE TAKE NOTICE that plaintiff Rambus Inc. hereby moves, pursuant to Rule

2   39(a)(2) of the Federal Rules of Civil Procedure, for an Order that the Manufacturers' claims and

3   defenses in the January 22, 2008 trial shall be tried to the Court. This motion shall be heard on

4   October 26, 2007, at 9:00 a.m., in Courtroom 6 of the above-referenced court, located at 280

5   South First Street, San Jose, California 95110.

6      The Manufacturers each assert causes of action for fraud, monopolization, and attempted

7   monopolization. As relief, the Manufacturers seek an injunction preventing Rambus from

8   enforcing its patents. The only actual damages sought are litigation-related fees and costs.

9      The Manufacturers cannot obtain attorneys fees as damages for their fraud claim because

10  under California law, attorneys' fees cannot constitute "damages" under a fraud claim in the

11  circumstances present here. *See Gray v. Don Miller & Assoc., Inc.,* 35 Cal.3d 498, 506-8 (1984).

12  The Manufacturers seek punitive damages on their fraud claim, but such damages are not

13  available to them without an award of actual damages. *Kizer v. County of San Mateo,* 53 Cal. 3d

14  139, 147 (1991) ("In California, as at common law, actual damages are an absolute predicate for

15  an award of exemplary or punitive damages.").

16     The Manufacturers are also barred from obtaining attorneys fees as damages on any of

17  their claims because, as this Court has already ruled, Rambus's litigation is protected under the

18  *Noerr-Pennington* doctrine. Conduct that is not a basis for liability cannot be a basis for

19  damages. *See, e.g., City of Vernon v. Southern California Edison Co.,* 955 F.2d 1361, 1371-72

20  (9th Cir. 1992) (holding that lawful conduct could not be the basis of antitrust damages).

21  Accordingly, the Manufacturers cannot seek attorneys fees as damages for their antitrust (and, in

22  Micron's case, breach of contract) claims.

23     Because the Manufacturers have no valid claim for damages, their only available remedy

24  is equitable in nature, and no party is entitled to a jury trial of its fraud, contract or antitrust

25  claims. *See In re Technology Licensing Corp.,* 423 F.3d 1286, 1289-90 (Fed. Cir. 2005) ("TLC's

26  decision to seek only an injunction meant that it lost its right to a jury on the related invalidity

27  claims").

28

3645260.3                                   - 3 -                    RAMBUS INC.'S MOTION TO STRIKE
                                                                     THE JURY DEMANDS
                                                                     CASE NO. C 05 00334 RMW

1       Nanya and Micron also each asserts that certain of its affirmative defenses should be tried

2  to the jury.  Micron further asserts that two of its declaratory judgment claims should be tried to a

3  jury.  These assertions are wrong:  none of these claims or defenses give rise to a right to a jury

4  trial.

5       This motion is based upon this Notice of Motion and Motion, upon the attached

6  Memorandum of Points and Authorities, upon the Declaration of Steven M. Perry, filed herewith,

7  upon all of the pleadings filed in this action, and upon such further oral and written argument as

8  may be received by the Court.

DATED: September 21, 2007

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
McKOOL SMITH PC

By: _____
STEVEN M. PERRY

Attorneys for Plaintiff
RAMBUS INC.

RAMBUS INC.'S MOTION TO STRIKE
THE JURY DEMANDS
CASE NO. C 05 00334 RMW

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL BACKGROUND ....................................................................... 2

    A.  Relevant Motions In The Hynix 00-20905 Case ...................................... 2

    B.  Coordination of the Rambus Northern District of California Cases ........ 3

    C.  The Only Damages The Manufacturers Seek Are Litigation Fees and Expenses .................................................................................................... 3

III.  ARGUMENT ...................................................................................................... 4

    A.  Introduction .............................................................................................. 4

    B.  The Manufacturers Are Not Entitled To A Jury On Their Fraud Claims ............... 4

        1.  The Manufacturers Are Not Entitled To Recover Their Attorneys' Fees On Their Fraud Claims Because California Law Does Not Allow Recovery Of Attorneys' Fees As Damages In Fraud Claims .......... 4

        2.  The Manufacturers' Requests For Punitive Damages Provide No Basis For A Jury Trial Under The Circumstances Of This Case ............... 5

    C.  The Manufacturers Are Not Entitled To a Jury On Their Antitrust Claims ........... 7

    D.  None Of The Manufacturers' Remaining Claims Or Defenses Give Rise To A Jury Trial .................................................................................. 9

        1.  A Waiver Defense Does Not Give Rise to a Right to a Jury Trial ............. 9

        2.  Micron's Assertions of Unenforceability, And Its Declaratory Judgment Requests Regarding The Same, Do Not Give Rise To A Right To A Jury Trial .................................................................... 9

IV.  CONCLUSION ................................................................................................. 10

RAMBUS INC.'S MOTION TO STRIKE THE JURY DEMANDS CASE NO. C 05 00334 RMW

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

FEDERAL CASES

4
*Abbott Laboratories v. Teva Pharmacies USA, Inc.,*
   2006 WL 1460077 (D. Del. May 26, 2006).................................................................. 9

5
*Burlington Northern R.R. v. Nebraska Public Power Dist.,*
6
   931 F.Supp. 1470 (D. Neb. 1996) ............................................................................... 9

7
*City of Vernon v. Southern California Edison Co.,*
   955 F.2d 1361 (9th Cir. 1992).......................................................................... 3, 2, 7

8
*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,*
   690 F.2d 1240 (9th Cir. 1982)..................................................................................... 8

9
*Design Strategies, Inc. v. Davis,*
   367 F.Supp. 2d 630 (S.D.N.Y. 2005).......................................................................... 6

10
*Ed Peters Jewelry Co. v. C & J Jewelry Co.,*
11
   215 F.3d 182 (1st Cir. 2000) ....................................................................................... 8

12
*Express, LLC v. Fetish Group, Inc.,*
   2006 WL 3462592 (C.D. Cal. Sept. 5, 2006).............................................................. 5

13
*Gardco Manufacturing, Inc. v. Herst Lighting Co.,*
   820 F.2d 1209 (Fed. Cir. 1987)................................................................................. 10

14
*Great-West Life & Annuity Inc. Co. v. Knudson,*
   534 U.S. 204 (1993)................................................................................................. 1, 4

15
*Handgards, Inc. v. Ethicon, Inc.,*
16
   601 F.2d 986 (9th Cir. 1979)....................................................................................... 8

17
*In re Technology Licensing Corp.,*
   423 F.3d 1286 (Fed. Cir. 2005)............................................................................... 3, 1

18
*Kobe, Inc. v. Dempsey Pump Co.,*
   198 F.2d 416 (10th Cir. 1952)..................................................................................... 8

19
*Korea Kumho Petrochemical v. Flexsys America LP,*
   2007 WL 2318906 (N.D. Cal. Aug. 13, 2007)............................................................ 8

20
*Lynch v. Pan American World Airways, Inc.,*
21
   475 F.2d 764 (5th Cir. 1973)....................................................................................... 6

22
*MCI Communications Corp. v. AT&T Co.,*
   708 F.2d 1081 (9th Cir. 1983)..................................................................................... 7

23
*Northgate Homes, Inc. v. City of Dayton,*
   126 F.3d 1095 (8th Cir. 1997)................................................................................... 10

24
*Professional Real Estate Investors, Inc. v. Columbia Pictures Indust. Inc.,*
   508 U.S. 49 (1993)....................................................................................................... 7

25
*Shubin v. District Court,*
   313 F.2d 250 (9th Cir. 1963)....................................................................................... 4

26
*Skippy Inc. v. CPC Int'l, Inc.,*
27
   674 F.2d 209 (4th Cir. 1982)....................................................................................... 7

28

RAMBUS INC.'S MOTION TO STRIKE
THE JURY DEMANDS
CASE NO. C 05 00334 RMW

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page(s)**

3

*Spinelli v. Gaughan,*
    12 F.3d 853 (9th Cir. 1993)...................................................................................... 4

4

*Webb v. RLR Associates, Ltd.,*
    2004 WL 555699 (S.D.N.Y. Mar. 19, 2004) ........................................................... 6

5

**STATE CASES**

6

*Alliance Mortgage Co. v. Rothwell,*
    10 Cal.4th 1226 (1995) ............................................................................................ 5

7

*Brandt v. Superior Court,*
    37 Cal.3d 813 (1985) ............................................................................................... 5

8

*Cheung v. Daley,*
    35 Cal.App. 4th 1673 (1995)................................................................................... 6

9

*David v. Hermann,*
    129 Cal.App.4th 672 (2005)..................................................................................... 5

10

11

*Ghirardo v. Antonioli,*
    14 Cal.4th 39 (1996) ................................................................................................ 9

12

*Golden West Baseball Co. v. Talley,*
    232 Cal.App.3d 1294 (1991).................................................................................... 5

13

*Gray v. Don Miller & Assoc., Inc.,*
    35 Cal.3d 498 (1984) ....................................................................................... 3, 1, 5

14

15

*Kizer v. County of San Mateo,*
    53 Cal. 3d 139 (1991) ...................................................................................... 3, 1, 6

16

*Potter v. Firestone Tire and Rubber Co.,*
    6 Cal.4th 965 (1993) ................................................................................................ 6

17

*Sole Energy Co. v. Petrominerals Corp.,*
    128 Cal.App. 4th 212 (2005).................................................................................... 6

18

**STATE STATUTES**

19

Cal. Civ. Code § 3294 ..................................................................................................... 5

20

Cal. Civ. Code § 3333 ..................................................................................................... 5

21

Cal. Civ. Code § 47(b) ..................................................................................................... 1

Code of Civil Procedure § 1021 ...................................................................................... 5

22

**FEDERAL RULES**

23

Fed. R. Civ. Proc. 38 ....................................................................................................... 4

24

Fed. R. Civ. Proc. 39 ....................................................................................................... 4

25

Fed. R. Civ. Proc. 39(a) ............................................................................................... 4, 8

Fed. R. Civ. Proc. 39(a)(2)........................................................................................... 2, 7

26

Fed. R. Civ. Proc. 39(c) ................................................................................................... 8

27

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

OTHER AUTHORITIES

9 Wright & Miller, *Federal Practice and Procedure:  Civil 2d* § 2312 (1995) .......................... 1, 4

Dobbs, *Law of Remedies* 2d § 9.2(1) ................................................................................ 6

I.    **INTRODUCTION**

In this lawsuit, Hynix, Nanya, and Micron (collectively, the "Manufacturers") seek an injunction preventing Rambus from enforcing its patents against the Manufactuers' infringing DRAMs. Such a remedy is equitable. *Great-West Life & Annuity Inc. Co. v. Knudson*, 534 U.S. 204, 211 n. 1 (1993) ("[I]njunction is inherently an equitable remedy."). Where the only relief sought is equitable, the claims are tried to the court. *See In re Technology Licensing Corp.*, 423 F.3d 1286, 1289-90 (Fed. Cir. 2005) ("TLC's decision to seek only an injunction meant that it lost its right to a jury on the related invalidity claims"); 9 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 2312 (1995) ("Wright & Miller") ("If a plaintiff seeks only an injunction, the action is triable without a jury, as always has been the case.").

Realizing this, and seeking to avoid this result, the Manufacturers argue that their attorneys' fees constitute damages. The Manufacturers also seek punitive damages on their fraud claim. Neither of these damage claims is viable.

The Manufacturers cannot seek attorneys' fees as damages on their fraud claims because settled California law precludes recovery of attorneys' fees in these circumstances. *See Gray v. Don Miller & Associates, Inc.*, 35 Cal.3d 498, 506-08 (1984) (holding that absent certain special exceptions, attorneys' fees are not recoverable on action for fraud). The Manufacturers cannot seek punitive damages for their fraud claims because they have no viable claim for actual damages. *See Kizer v. County of San Mateo*, 53 Cal. 3d 139, 147 (1991) ("In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages."). Without a viable claim for damages, the relief the Manufacturers seek is entirely equitable and the claims should be tried to the Court.

The Manufacturers also cannot seek attorneys' fees as damages for any of their claims because, as this Court has already ruled, Rambus's litigation is protected conduct under *Noerr-Pennington* and California Civil Code § 47(b). *See* July 7, 2006 Order Granting Rambus's Motion for Summary Adjudication of *Noerr-Pennington* Immunity and California Civil Code Section 47(b) Privilege, at 1. Protected conduct cannot be the basis for a damage claim. *See, e.g.,*

1 | *City of Vernon v. Southern California Edison Co.*, 955 F.2d 1361, 1371-72 (9th Cir. 1992)

2 | (holding that lawful conduct could not be the basis of antitrust damages).

3 |      Nanya and Micron also assert that their waiver defenses should be tried to a jury, and

4 | Micron asserts that various claims of unenforceability and declaratory judgment on the same

5 | should be tried to a jury. These contentions have no merit, for these are equitable issues to be

6 | tried to the Court.

7 | **II.**     **PROCEDURAL BACKGROUND**

8 |     **A.**     **Relevant Motions In The *Hynix* 00-20905 Case**

9 |      Prior to coordination of the Rambus Northern District of California cases, Rambus filed

10 | three motions in the *Hynix* '905 case that are relevant to this motion.

11 |      *First*, Rambus filed a motion for summary adjudication arguing that its patent litigation

12 | was immune from liability under *Noerr-Pennington. See* Motion for Summary Adjudication of

13 | *Noerr-Pennington* Immunity and California Civil Code Section 47(b) Privilege filed February 24,

14 | 2006. The Court granted that motion, holding that "Rambus's instigation and prosecution of its

15 | infringement claims constitute protected petitioning activities under the *Noerr-Pennington*

16 | doctrine and, as to state claims, are absolutely privileged under California Civil Code Section

17 | 47(b)." *See* July 7, 2006 Order Granting Rambus's Motion for Summary Adjudication of *Noerr-*

18 | *Pennington* Immunity and California Civil Code Section 47(b) Privilege, at 1.

19 |      *Second*, Rambus filed a motion to withdraw its jury demand in the '905 case. *See* Motion

20 | of Rambus Inc. Under Rule 39(a)(2) to Withdraw Jury Demand With Respect To Phase III of

21 | Trial, filed June 16, 2006. The Court denied the motion, holding that "attorney's fees incurred in

22 | defending patent infringement actions may be awarded as part of antitrust treble damages." *See*

23 | August 2, 2006 Order Denying Motion of Rambus Inc. Under Rule 39(a)(2) to Withdraw Jury

24 | Demand With Respect to Phase III of Trial, at 8. The Order did not, however, describe any basis

25 | on which attorneys' fees could be claimed as "damages" under Hynix's common law fraud claim.

26 |      *Third*, in January 2007, Rambus filed a motion to confirm its withdrawal of its jury

27 | demand as to the fraud claims. *See* Rambus's Motion to Confirm Withdrawal of Jury Demand

28 |

1  With Respect to Fraud Claim, filed January 5, 2007.  The Court heard oral argument on the

2  motion on February 16, 2007, but has not ruled on the motion.[1]

3        **B.**     **Coordination of the Rambus Northern District of California Cases**

4        On April 24, 2007, the Court coordinated the Rambus-related Northern District of

5  California cases and set those cases for a joint trial of certain common issues on January 22, 2008.

6  The Manufacturers contend that the following common causes of action or defenses should be

7  tried to a jury:

8            •   Monopolization (Hynix, Micron, Nanya)

9            •   Attempted Monopolization (Hynix, Micron, Nanya)

10            •   Fraud (Hynix, Micron, Nanya)

11            •   Waiver (Micron, Nanya).

12        In addition to these causes of action, Micron also asserts that the following claims or

13  defenses should be tried to a jury:  Unenforceability based on violation of the antitrust laws and

14  declaratory judgment for the same; Unenforceability based on waiver and declaratory judgment re

15  the same; Breach of Contract; Negligent Misrepresentation; and Damages Offset.

16        **C.**     **The Only Damages The Manufacturers Seek Are Litigation Fees and Expenses**

17

18        The only purported damages sought by any of the Manufacturers are litigation fees and

19  expenses incurred in relation to litigation with Rambus.  No Manufacturer has submitted an

20  expert report quantifying any purported damages other than attorneys' fees and litigation

21  expenses.  Declaration of Steven M. Perry ("Perry Decl."), ¶¶ 2-3.  In addition, Hynix, in

22  response to Rambus's interrogatories in the '905 case, stated that it "will not claim damages for

23  lost profits, but does intend to seek damages based on the legal expense of confronting Rambus

24  patent claims in the United States and abroad."  Perry Decl., ex. A.  Moreover, Nanya, in a

25  30(b)(6) deposition, confirmed that the damages it was claiming in this litigation are legal fees

26  and expenses it has incurred.  Perry Decl., ¶ 5.

27  ------

[1] The Court issued a tentative in advance of the hearing asking if Hynix's claim for punitive damages might entitle it to a jury trial.  As discussed below, the Manufacturers do not have a

28  viable claim for punitive damages and so have no right to a jury trial on that basis.

## III.   ARGUMENT

### A.   Introduction

The Seventh Amendment provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const. Amendment VII.  Rules 38 and 39 of the Federal Rules of Civil Procedure implement this constitutional mandate.  Rule 39(a) provides in pertinent part that "The trial of all issues so demanded shall be by jury, unless . . . (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.Proc. 39.

The Manufacturers assert common claims for fraud and antitrust violations.  Whether these claims are tried to the court or to a jury largely depends on the nature of the remedy sought. *See, e.g., Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir. 1993) (observing that "the Supreme Court has told us four times that the nature of the remedy is more important for Seventh Amendment purposes than the nature of the right"); *Shubin v. District Court*, 313 F.2d 250, 251 (9th Cir. 1963) (denying mandamus to compel jury trial where plaintiff sought only injunctive relief).

The Manufacturers seek an injunction preventing Rambus from enforcing its patents.  Injunctions are equitable remedies.  *Great-West Life & Annuity Inc. Co. v. Knudson*, 534 U.S. 204, 211 n. 1 (1993) ("[I]njunction is inherently an equitable remedy."); 9 Wright & Miller, *Federal Practice and Procedure:  Civil 2d* § 2312 (1995) ("Wright & Miller") ("If a plaintiff seeks only an injunction, the action is triable without a jury, as always has been the case.").  The Manufacturers nonetheless claim that they are entitled to a jury trial because they seek attorneys fees as damages and seek, on their fraud claims, punitive damages.

### B.   The Manufacturers Are Not Entitled To A Jury On Their Fraud Claims

#### 1.   The Manufacturers Are Not Entitled To Recover Their Attorneys' Fees On Their Fraud Claims Because California Law Does Not Allow Recovery Of Attorneys' Fees As Damages In Fraud Claims

The Manufacturers claim attorneys' fees and expenses as damages on their fraud claims.  Such expenditures cannot, however, be awarded as damages on a fraud claim under settled

1    California law. *See Gray v. Don Miller & Associates, Inc.,* 35 Cal.3d 498, 505-08 (1984)

2    (holding that absent certain special exceptions, attorneys' fees are not recoverable in an action for

3    fraud); *David v. Hermann,* 129 Cal.App.4th 672, 689 (2005) ("*Prentice* made clear that Code of

4    Civil Procedure section 1021 prohibits the allowance of attorney fees against a defendant in an

5    ordinary two-party lawsuit."); *Golden West Baseball Co. v. Talley,* 232 Cal.App.3d 1294, 1301-

6    04 (1991) (holding that attorneys' fees are not recoverable as damages in fraud action). *See also*

7    *Express, LLC v. Fetish Group, Inc.,* 2006 WL 3462592 (C.D. Cal. Sept. 5, 2006) (holding, in

8    connection with a claim for attorneys' fees as damages where the fees were incurred in

9    responding to intellectual property claims, that "[e]ven though Civil Code § 3333 permits

10   recovery of damages for 'the amount which will compensate for all the detriment proximately

11   caused,' Code of Civil Procedure § 1021 clearly precludes the award of attorneys' fees.").[2]

12         Accordingly, the Manufacturers cannot recover litigation fees or costs as damages on their

13   fraud claims.

### 2.    The Manufacturers' Requests For Punitive Damages Provide No Basis For A Jury Trial Under The Circumstances Of This Case

15         The Manufacturers also seek punitive damages on their fraud claims. But because the

16   Manufacturers seek no actual damages that are available to them under California law, they

17   cannot recover punitive damages. Unsupported requests for punitive damages are insufficient to

18   transform an equitable issue into a legal one.

19         Under California law, actual damages are a prerequisite to a punitive damage award. Cal.

20   Civ. Code § 3294 ("In an action for the breach of an obligation not arising from contract . . . the

21   _____

22   [2] The California Supreme Court has recognized five exceptions to this rule: (1) where the
     "litigation has conferred benefits on others" such as "preserving a common fund for the benefit of
23   a number of persons," *Gray,* 35 Cal. 3d at 505; (2) where a "judgment confers a substantial
     benefit on a defendant, such as in a corporate derivative action," *id.*; (3) where "litigation
24   secure[s] benefits for a broad class of persons," *id.*; (4) where a plaintiff is required to hire an
     attorney to sue a third party because of the tort, *id.*; and (5) where a policyholder in a bad faith
25   insurance action has brought suit against an insurer. *Brandt v. Superior Court,* 37 Cal.3d 813,
     819 (1985). None of these exceptions is applicable here. Micron also asserts a cause of action
26   for negligent misrepresentation and argues that this claim should be tried to a jury. Because
     negligent misrepresentation is a "species of the tort of deceit," the California Supreme Court has
27   held that it is subject to the rule in *Gray* that attorneys' fees are not recoverable as damages. *See*
     *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1241 (1995) (holding that attorneys' fees
28   were not recoverable on plaintiffs' causes of action, including negligent misrepresentation).

1    plaintiff, *in addition to the actual damages*, may recover damages for the sake of example and by

2    way of punishing the defendant.") (emphasis added); *Potter v. Firestone Tire and Rubber Co.*, 6

3    Cal.4th 965, 1004 (1993) ("[P]unitive damages . . . may be assessed . . . so long as actual

4    substantial damages have been awarded.") (citations and internal quotations omitted); *Kizer v.*

5    *County of San Mateo*, 53 Cal. 3d 139, 147 (1991) ("In California, as at common law, actual

6    damages are an absolute predicate for an award of exemplary or punitive damages."); *Sole Energy*

7    *Co. v. Petrominerals Corp.*, 128 Cal.App.4th 212, 238 (2005) ("An award of actual damages,

8    even if nominal, is required to recover punitive damages."); *Cheung v. Daley*, 35 Cal.App.4th

9    1673, 1676-77 (1995) (holding that despite express finding of fraud, plaintiffs were not entitled to

10   punitive damages because no compensatory damages were awarded).

11           The Manufacturers cannot, as a matter of law, recover their attorneys' fees as damages.

12   The Manufacturers therefore have no viable claim for punitive damages.  The Manufacturers also

13   cannot attempt to use nominal damages as a hook for punitive damages.  First, Hynix and Nanya

14   cannot recover nominal damages because neither seeks nominal damages in its operative

15   pleadings.  Second, to recover even nominal damages, parties in fraud actions must demonstrate

16   actual injury. *See, e.g., Kizer*, 53 Cal.3d at 147 ("Even nominal damages, which can be used to

17   support an award of punitive damages, require actual injury."); Dobbs, *Law of Remedies* 2d §

18   9.2(1), p. 548 ("[N]ominal damages are not recoverable for fraud that causes no harm, . . .").

19   Here, Manufacturers cannot demonstrate injury beyond their lawyer fees, which are not

20   recoverable.  Without any evidence of injury, the Manufacturers cannot obtain nominal damages.

21           In sum, the Manufacturers have nothing but an unsupported claim for punitive damages.

22   Courts regularly hold that unsupported allegations of punitive damages will not convert an

23   equitable claim into a legal one. *See, e.g., Lynch v. Pan American World Airways, Inc.*, 475 F.2d

24   764, 765 (5th Cir. 1973) ("Neither may the Plaintiff . . . by making unsupported allegations for

25   compensatory and punitive damages unilaterally alter the genre of the proceeding."); *Design*

26   *Strategies, Inc. v. Davis*, 367 F.Supp.2d 630, 643 (S.D.N.Y. 2005) (holding that plaintiff's claim

27   for punitive damages did not entitle it to a jury trial); *Webb v. RLR Associates, Ltd.*, 2004 WL

28   555699 (S.D.N.Y. Mar. 19, 2004) ("[T]he fact that he requested punitive damages – which are of

RAMBUS INC.'S MOTION TO STRIKE
THE JURY DEMANDS
CASE NO. C 05 00334 RMW

1    questionable appropriateness here anyway – does not entitle Webb to a jury trial."). Because the

2    Manufacturers are limited to injunctive relief on their fraud claims, those claims should be tried to

3    the Court. *See Skippy Inc. v. CPC Int'l, Inc.*, 674 F.2d 209, 214 (4th Cir. 1982) (holding fraud

4    claim properly tried to the court where relief was equitable).

5            **C.**      **The Manufacturers Are Not Entitled To a Jury On Their Antitrust Claims**

6            The Manufacturers' antitrust claims should also be tried to the Court because the only

7    damages sought are attorneys' fees, which are not viable damages.

8            This Court has already held that Rambus's patent litigation is protected conduct under the

9    *Noerr-Pennington* doctrine. *See* July 7, 2006 Order Granting Rambus's Motion For Summary

10   Adjudication of *Noerr-Pennington* Immunity and California Civil Code Section 47(b) Privilege,

11   at 2. In granting Rambus's motion for summary adjudication, the Court held that that "Rambus's

12   instigation and prosecution of its infringement claims are protected petitioning activity under the

13   *Noerr-Pennington* doctrine and, as to state claims, are absolutely privileged under California

14   Civil Code section 47(b)." *Id.*

15           Conduct that is protected under *Noerr-Pennington* immunity is, by definition, lawful. *See,*

16   *e.g., Professional Real Estate Investors, Inc. v. Columbia Pictures Indust. Inc.*, 508 U.S. 49, 59

17   (1993) (noting that the Court's decisions establish the "legality" of protected petitioning).

18   Conduct that is lawful cannot be the basis for antitrust damages. *See City of Vernon v. Southern*

19   *California Edison Co.*, 955 F.2d 1361, 1371-72 (9th Cir. 1992) (holding that lawful conduct

20   could not be the basis of antitrust damages); *MCI Communications Corp. v. AT&T Co.*, 708 F.2d

21   1081, 1161 (9th Cir. 1983) ("*MCI*") (same). In *City of Vernon*, for example, the Court affirmed a

22   summary judgment for the defendants in part because plaintiffs' damage calculations improperly

23   included damages based on lawful conduct. *City of Vernon*, 955 F.2d at 1372 ("That study failed

24   to segregate the losses, if any, caused by acts which were not antitrust violations from those that

25   were."). The court in *MCI* similarly rejected a damage calculation because it included damages

26   arising from lawful conduct. *MCI*, 708 F.2d at 1161 ("Thus, the courts have been consistent in

27   requiring plaintiffs to prove in a reasonable manner the link between the injury suffered and the

28

1    *illegal* practices of the defendant.") (emphasis in original).  Accordingly, because Rambus's

2    litigation conduct is lawful, it cannot be the basis of a damage award.[3]

3         *Kobe, Inc. v. Dempsey Pump Co.*, 198 F.2d 416, 425 (10th Cir. 1952) and its progeny do

4    not hold otherwise.  In that line of cases, the courts held that litigation had lost its immunity

5    because it was part of an overall scheme to monopolize.  *See, e.g., Handgards, Inc. v. Ethicon,*

6    *Inc.*, 601 F.2d 986, 994 (9th Cir. 1979) ("*Kobe* and its progeny, among which is *Rex Chainbelt* …

7    hold that a patentee *may incur antitrust liability* for even the good faith prosecution of a valid

8    patent where it is shown that the infringement suit 'was brought in furtherance and as an integral

9    part of a plan to violate the antitrust laws.'") (emphasis added).  Here, by contrast, the Court has

10   held that Rambus may *not* incur antitrust liability for its litigation efforts.  In any event, although

11   this line of cases has not expressly been overruled, its holdings are no longer valid in light of

12   *Professional Real Estate Investors, Inc.  See, e.g., Korea Kumho Petrochemical v. Flexsys*

13   *America LP*, 2007 WL 2318906 *4 n. 5 (N.D. Cal. Aug. 13, 2007) (finding arguments based on

14   *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240 (9th Cir. 1982)

15   "unconvincing" because "[t]he *Clipper Exxpress* decision preceded the Supreme Court's decision

16   in [*PRE*]"); *Abbott Laboratories v. Teva Pharmacies USA, Inc.*, 2006 WL 1460077, *16 (D. Del.

17

18   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [3] This Court has held in the *Hynix* '905 case that Hynix can recover its attorneys' fees as damages
     in its antitrust claims.  *See* August 2, 2006 Order Denying Rambus's Motion to Withdraw Jury
19   Demand With Respect to Phase III of Trial.  Rambus extensively briefed this issue in its prior
     motion and will not repeat all of those arguments here.  But Rambus has not yet moved, and the
20   Court has not yet ruled, as to the other Manufacturers or as to Hynix's '334 case.  Moreover, at the
     time Rambus filed the prior motion to withdraw the jury demand, it did not have the benefit of the
21   Court's ruling on the *Noerr-Pennington* motion.  Rambus will therefore briefly state its argument
     on this issue.  Rambus is not asking the Court to reconsider its prior ruling in the *Hynix* '905,
22   though Rambus notes that the Court has independent authority under Rule 39(a)(2) of the Federal
     Rules of Civil Procedure to decide whether the claims before it should be heard by a jury.  *See*
23   Fed. R. Civ. Proc. 39(a) ("When trial by jury has been demanded, . . . [t]he trial of all issues so
     demanded shall be by jury, unless . . . (2) the court upon motion *or its own initiative* finds that a
24   right of trial by jury of some or all of those issues does not exist under the Constitution or statutes
     of the United States.") (emphasis added).  *See also Ed Peters Jewelry Co. v. C & J Jewelry Co.*,
25   215 F.3d 182, 187 (1st Cir. 2000) (holding that "Rule 39(a)(2) clearly authorized the district court
     to" decide of its own initiative to hear issues in place of the jury).  Indeed, it would be improper
26   for the Court to allow the jury to decide equitable claims.  Rule 39(c) allows a court to have a jury
     decide "actions not triable as a right by a jury," but only if it has "the consent of both parties."
27   Fed. R. Civ. Proc. 39(c).  Rambus is not arguing here that the litigation cannot be submitted as
     evidence in support of the Manufacturers' antitrust claims.  That issue should be addressed by way
28   of motions *in limine*.

                                                         RAMBUS INC.'S MOTION TO STRIKE
                                                         THE JURY DEMANDS
                                                         CASE NO. C 05 00334 RMW

May 26, 2006) ("[T]he holding in *Kobe*, which predates *Noerr*, is contrary to more recent pronouncements by the Supreme Court concerning *Noerr* immunity [citing *PRE*] . . . [t]he holding must therefore yield to the Supreme Court's interpretation of *Noerr* immunity."). Accordingly, because Rambus's litigation is protected, it cannot be the basis for antitrust damages. Because it cannot be the basis for antitrust damages, the Manufacturers' attorneys' fees based on that litigation are not viable. Without attorneys' fees as damages, the Manufacturers seek only injunctive relief, and the antitrust claims should be tried to the Court.[4]

> **D.** **None Of The Manufacturers' Remaining Claims Or Defenses Give Rise To A Jury Trial**

> **1.** **A Waiver Defense Does Not Give Rise to a Right to a Jury Trial**

Both Micron and Nanya assert that their affirmative defenses of waiver should be tried to a jury. Affirmative defenses do not, however, provide a right to a jury trial. "Simply put, the Seventh Amendment has always been understood to protect claims, and not defenses which assert no claim for relief." *Burlington Northern R.R. v. Nebraska Public Power Dist.*, 931 F.Supp. 1470, 1486 (D. Neb. 1996). Even if affirmative defenses could give rise to a jury trial, a waiver defense would not, because it is considered equitable relief. *Ghirardo v. Antonioli*, 14 Cal.4th 39, 46 (1996) (noting that the affirmative defense of waiver is an "equitable doctrine"). Accordingly, Nanya and Micron are not entitled to a jury on their waiver defenses.

> **2.** **Micron's Assertions of Unenforceability, And Its Declaratory Judgment Requests Regarding The Same, Do Not Give Rise To A Right To A Jury Trial**

In addition to the causes of action and defenses shared by Nanya and Hynix, Micron asserts that its defenses of patent unenforceability due to violations of the antitrust laws and waiver and its attendant declaratory judgment claims based on the same arguments, should be

---

[4] Micron also asserts that its contract claim should be tried to a jury. As discussed above, however, the Court's order granting Rambus's *Noerr-Pennington* motion precludes the Manufacturers from seeking attorneys' fees as damages on their contract claim. Micron also asserts that Rambus's alleged conduct should entitle it to an "offset" against patent infringement damages and that a jury "should determine the appropriate amount of damages resulting from Rambus's conduct." *See* Joint Case Management Conference Statement filed July 31, 2007, Attachment 2, at 3. Rambus does not understand this assertion to be an independent claim that entitles Micron to a jury, and there is no law to support such a proposition.

RAMBUS INC.'S MOTION TO STRIKE
THE JURY DEMANDS
CASE NO. C 05 00334 RMW

1 │ tried to a jury. As an initial matter, whether the claim is brought directly or as a declaratory

2 │ judgment action makes no difference for the jury determination. The right to a jury in declaratory

3 │ judgment actions is analyzed by inverting the case and examining whether the party would have a

4 │ right to a jury if the action were brought directly. *See, e.g., Northgate Homes, Inc. v. City of*

5 │ *Dayton*, 126 F.3d 1095, 1098-99 (8th Cir. 1997). Thus, the analysis of Micron's declaratory

6 │ judgment claims for unenforceability is identical to the analysis of its defenses of

7 │ unenforceability. The Federal Circuit has held that claims for unenforceability are equitable in

8 │ nature and should be tried to the court. *See, e.g., Gardco Manufacturing, Inc. v. Herst Lighting*

9 │ *Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987) (holding district court did not err in trying plaintiff's

10 │ defense of unenforceability for inequitable conduct to the jury). As a result, Micron's affirmative

11 │ defenses of unenforceability, and its declaratory judgment claims raising the same arguments, are

12 │ to be tried to the Court.

## IV.    CONCLUSION

14 │       For all of the foregoing reasons, this motion should be granted, and the Court should order

15 │ that the Manufacturers' claims and defenses in the January 2008 trial shall be tried to the Court.

DATED: September 21, 2007

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
McKOOL SMITH PC

By: _____
                 STEVEN M. PERRY

Attorneys for Plaintiff
RAMBUS INC.

3645260.3

- 10 -

RAMBUS INC.'S MOTION TO STRIKE
THE JURY DEMANDS
CASE NO. C 05 00334 RMW