Gregory P. Stone (State Bar No. 078329)
Steven M. Perry (State Bar No. 106154)
Sean Eskovitz (State Bar No. 241877)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
Telephone:  (213) 683-9100;
Facsimile:  (213) 687-3702
Email:  *gregory.stone@mto.com;*
*steven.perry@mto.com; sean.eskovitz@mto.com*

Peter A. Detre (State Bar No. 182619)
Carolyn Hoecker Luedtke (State Bar No.
207976)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California  94105
Telephone:  (415) 512-4000;
Facsimile:  (415) 512-4077
Email:  *peter.detre@mto.com;*
*carolyn.luedtke@mto.com*

Rollin A. Ransom (State Bar No. 196126)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone:  (213) 896-6000;
Facsimile:  (213) 896-6600
Email:  *rransom@sidley.com*

Pierre J. Hubert (Pro Hac Vice)
Craig N. Tolliver (Pro Hac Vice)
McKOOL SMITH PC
300 West 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700;
Facsimile: (512) 692-8744
E-mail: *phubert@mckoolsmith.com;*
*ctolliver@mckoolsmith.com*

Attorneys for Plaintiff and Counterclaim-
Defendant
RAMBUS INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., et al., | CASE NO.:  CV 00-20905 RMW |
| Plaintiffs, | **RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST EVIDENCE)** |
| v. | |
| RAMBUS INC., | Pretrial Date:  December 13-14, 2007 |
| Defendant. | Time:              2:00 p.m. |
| | Trial Date:        January 22, 2008 |
| | Time:              1:30 p.m. |
| | Location:          Courtroom 6 |
| | Judge:             Hon. Ronald M. Whyte |
| RAMBUS INC., | CASE NO.:  C 05-00334 RMW |
| Plaintiff, | |
| v. | |
| HYNIX SEMICONDUCTOR INC., et al., | |
| Defendants. | |

4043076.2

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE),
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1
2          RAMBUS INC.,                              CASE NO.:   C 05-02298 RMW

3                       Plaintiff,

4               v.

5          SAMSUNG ELECTRONICS CO., LTD.,
           et al.,
6
                        Defendants.
7

8          RAMBUS INC.,                              CASE NO.:   C-06-00244 RMW

9                       Plaintiff,

10              vs.

11         MICRON TECHNOLOGY INC. and
           MICRON SEMICONDUCTOR
12         PRODUCTS, INC.,

13                      Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Rambus Inc. ("Rambus") submits the following objections to the Manufacturers' proposed

2    post-evidence jury instructions.  By submitting these objections, Rambus does not waive its

3    argument that the Manufacturers have no right to a jury on any of their claims or Rambus's

4    objection to the use of a jury.  Rambus's objections, and (where applicable) its request that the

5    Court issue alternative instructions proposed by Rambus, are without waiver of Rambus's

6    previously asserted objections to the validity of the Manufacturers' claims and/or defenses.

7    Rambus reserves the right to amend or supplement its objections to the Manufacturers' proposed

8    instructions prior to the close of trial.

9

10   DATED:   December 7, 2007              MUNGER, TOLLES & OLSON LLP

11                                          SIDLEY AUSTIN LLP

12                                          McKOOL SMITH PC

13

14                                          By:              */s/ Steven M. Perry*
                                                             Steven M. Perry

15                                          Attorneys for
16                                          RAMBUS INC.

17

18

19

20

21

22

23

24

25

26

27

28

1    **MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 1**

2    **Monopolization – General Purpose of the Sherman Act**

3    Hynix, Nanya, and Micron have brought a claim against Rambus under Section 2 of the

4    Sherman Act.  Hynix, Micron, and Nanya allege that Rambus violated Section 2 of the Sherman

5    Act by monopolizing six technology markets for DRAM interface technology and a broader

6    interface technology market through anticompetitive or exclusionary conduct.  Hynix, Micron,

7    and Nanya also claim that Rambus violated Section 2 of the Sherman Act by attempting to

8    monopolize these markets for DRAM interface technology through anticompetitive or

9    exclusionary conduct.

10    The purpose of the Sherman Act is to preserve and advance our system of free enterprise

11    by encouraging, to the fullest extent practicable, free and open competition in the marketplace,

12    and by preventing unreasonable restraint on competition or monopolization of any business or

13    industry, so that the public may receive better goods and services at lower cost.

14

15    **Authority:**   Adapted from ABA Section of Antitrust Law, Model Jury Instructions in Civil
Antitrust Cases, 2005 Edition (2005), at A-2 (hereinafter "ABA Model Jury Instructions") and

16    ABA Section of Antitrust Law, Sample Jury Instructions in Civil Antitrust Cases, 1999 Edition
(1999); *see also Northern Pacific Railway v. United States*, 356 U.S. 1, 4 (1958).

17

18

19

20

21

22

23

24

25

26

27

28

1     **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2                   **INSTRUCTION NO. 1**

3         The first paragraph of the proposed instruction is misleading and prejudicial in that it

4 summarizes plaintiffs' claims without also summarizing Rambus's contentions.

5         The first paragraph of the proposed instruction is unnecessary because the Statement of

6 the Case will summarize both plaintiffs' and defendants' contentions.

7         The second paragraph of the proposed instruction does not correctly state the purpose of

8 the Sherman Act as described by the United States Supreme Court and the ABA Section of

9 Antitrust Law. *See Northern Pacific Ry. v. United States*, 356 U.S. 1, 4 (1958) ("The Sherman

10 Act was designed to be a comprehensive charter of economic liberty aimed at preserving free and

11 unfettered competition as the rule of trade. It rests on the premise that the unrestrained interaction

12 of competitive forces will yield the best allocation of our economic resources, the lowest prices,

13 the highest quality and the greatest material progress, while at the same time providing an

14 environment conductive to the preservation of our democratic political and social institutions.");

15 ABA Section of Antitrust Law, Model Jury Instructions in Civil Antitrust Cases, 2005 Edition

16 (2005) (hereinafter "ABA Model Instructions"), at A-2 ("The purpose of the Sherman Act is to

17 preserve free and unfettered competition in the marketplace.  The Sherman Act rests on the

18 central premise that competition produces the best allocation of our economic resources, the

19 lowest prices, the highest quality, and the greatest material progress.")

20         Rambus requests that, if the Court gives an instruction with respect to the purpose of the

21 Sherman Act, it give ABA Model Instruction "Sherman Act - General" Instruction 1, at A-2.

22

23

24

25

26

27

28

4043076.2                  - 3 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 2**

2

**Monopolization – Elements**

3      Hynix, Micron and Nanya allege that they were injured by Rambus's unlawful

4   monopolization of the six relevant markets relating to DRAM technology and the broader DRAM

5   interface technology market.  Specifically, Hynix, Micron, and Nanya allege that Rambus

6   acquired monopoly power in the relevant markets by a course of conduct inside and outside of a

7   standard setting organization named JEDEC.  They contend that Rambus acquired monopoly

8   power by, first, using its membership in JEDEC to find out what technologies were being

9   incorporated into the industry standards so that it could patent those technologies and, next, after

10  the JEDEC standards were adopted and in widespread use, by filing patent infringement lawsuits

11  against DRAM manufacturers such as Hynix, Micron, and Nanya and demanding that those

12  manufacturers pay patent royalties for manufacturing products complying with the JEDEC

13  standards.

14      To prevail on their Monopolization claims, Hynix, Micron, and Nanya must prove each of

15  the following elements by a preponderance of the evidence:

16          **First**, that one or more of the alleged markets are valid antitrust markets;

17          **Second**, that Rambus has acquired monopoly power in one or more of those markets;

18          **Third**, that Rambus willfully acquired, increased, or maintained its monopoly power in

19  one or more relevant markets through anticompetitive or exclusionary conduct;

20          **Fourth**, that Rambus's conduct occurred in or affected interstate commerce; and

21          **Fifth**, that Hynix, Micron, and Nanya  were injured in their business or property because

22  of Rambus's anticompetitive conduct.

23      If you find that Hynix, Micron, and Nanya have failed to prove any of these elements,

24  then you must find for Rambus on this claim, but should continue to consider the other claims

25  asserted by Hynix, Micron, and Nanya.  If you find that Hynix, Micron, and Nanya have proven

26  each of these elements by a preponderance of the evidence, then you must find for Hynix,

27  Micron, and Nanya on this claim.

28  **Authority:**   Adapted from ABA Model Antitrust Jury Instructions (2005), C-2.

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 2**

The first paragraph of the proposed instruction is misleading and prejudicial in that it summarizes plaintiffs' claims without also summarizing Rambus's contentions.

The first paragraph of the proposed instruction is unnecessary because the Statement of the Case will summarize both plaintiffs' and defendants' contentions.

The proposed instruction mischaracterizes the potentially relevant markets at issue in this case.

The proposed instruction is legally incorrect, vague and misleading because it does not make clear that each plaintiff bears the burden of establishing each relevant element as to itself.

The proposed instruction is legally incorrect and misleading because it fails to state that plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

The proposed instruction misstates the law by stating that a plaintiff need prove only that Rambus "increased . . . its monopoly power" in order to prevail.

The proposed instruction is vague and misleading and misstates the law by suggesting that "anticompetitive" conduct and "exclusionary" conduct are two different things for purposes of plaintiffs' monopolization claim.

The proposed instruction is vague and misleading and misstates the law by suggesting that, even if plaintiffs have failed to prove, for example, a relevant market, the jury must continue to consider plaintiffs' attempted monopolization claim.

Rambus requests that the Court issue Rambus's proposed instruction 9, which adheres closely to the ABA Model Instructions at C-2.

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 3**

2

**Monopolization – Relevant Market Generally**

3      As I just mentioned in Instruction No. 2, Hynix, Micron, and Nanya must prove by a

4   preponderance of the evidence that Rambus had monopoly power within one or more **relevant**

5   **markets**.  To evaluate this element of Monopolization, you must first determine whether Hynix,

6   Micron, and Nanya have proven the existence of a properly defined economic market or markets.

7      There are two aspects you must consider in determining whether Hynix, Micron, and

8   Nanya have met their burden of proving the relevant market or markets by a preponderance of the

9   evidence: (1) the first is the existence of a relevant **technology market or markets**, and (2) the

10   second is the existence of a relevant **geographic market or markets**.  Instructions Nos. 3(a) and

11   (b) will provide you with further detail with regard to the way you are to determine the existence

12   of relevant technology and geographic markets.

13

14   **Authority:**   Adapted from ABA Model Antitrust Jury Instructions (2005), C-6.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY

2

## INSTRUCTION NO. 3

3          The proposed instruction is incorrect, misleading and incomplete because it fails to

4     include an explanation of the purpose of defining a relevant market in a monopolization or

5     attempted monopolization case, as is done in the ABA Model Instructions, at C-6.

6          The proposed instruction is incorrect, misleading and incomplete because it fails to

7     include an explanation of the economic determinations that must be made in order to decide

8     whether plaintiffs have proven that Rambus has monopoly power in a relevant market, as is done

9     in the ABA Model Instructions, at C-6.

10         Rambus requests that the Court issue Rambus's proposed instruction 11, which adheres

11    closely to the ABA Model Instructions at C-6.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 3(a)**

**Monopolization – Relevant Technology Market Defined**

A relevant technology market consists of technologies that compete or could compete with each other. In other words, the relevant technology market consists of the technologies that are reasonably interchangeable or reasonable substitutes for each other. Technologies need not be identical or precisely interchangeable as long as they are reasonable substitutes.

There are a number of factors you may consider in determining whether technologies are reasonable substitutes for each other. In this case, which requires you to analyze the competitive effects of Rambus's licensing practices with respect to the patents at issue in this case, the appropriate test is whether there are any alternative technologies that could function as reasonably close substitutes to the technologies subject to Rambus's patent claims. An alternative technology is considered a "reasonably close substitute" to a technology that is subject to Rambus's patent claims if it close enough to that technology that it would constrain Rambus's ability to exercise market power through its licensing practices.

In determining whether Rambus's ability to exercise market power would be constrained by alternative technologies, you may consider the following factors. First, you may consider whether potential users of the alternative technologies would have considered the technologies as an alternative to the technologies subject to Rambus's patents claims in the period before the SDRAM standards were adopted if Rambus had disclosed that it intended to assert that it owned the technologies and could charge a significant royalty for the use of the technologies. Second, you may consider customers' and JEDEC's views on whether the alternative technologies are interchangeable with the technologies that are subject to Rambus's patent claims. Third, you may consider the perceptions of either the industry or the public as to whether the technologies are in separate markets. Finally, you may consider the views of Hynix, Micron, Nanya and Rambus regarding what the alternative technologies are and the scope of the market in question.

In this case, Hynix, Micron, and Nanya claim that the relevant technology markets are: (1) the market for latency technologies; (2) the market for burst length technologies; (3) the market for data acceleration technologies; (4) the market for clock synchronization technologies; (5) the

1   market for precharge technologies; (6) the market for write latency technologies.  As an

2   alternative to these six technology markets, Hynix, Micron, and Nanya have alleged that the

3   relevant technology market is one unified market, which is the broader DRAM interface

4   technology market.

5          [On July 31, 2006 the United States Federal Trade Commission found Rambus liable for

6   unlawful monopolization in a government civil enforcement action.  In reaching its decision, the

7   FTC found that four relevant technology markets existed and were relevant to that case: (1) the

8   market for latency technology; (2) the market for burst length technology; (3) the market for data

9   acceleration technology; and (4) the market for clock synchronization technology.  The FTC

10  decision on relevant markets is sufficient evidence of the existence of these four technology

11  markets and you may assume that Hynix, Micron, and Nanya have met their burden of proof on

12  this issue.  If Rambus has introduced evidence to overcome the evidence in the record, including

13  the FTC decision, you may find for Rambus on this issue.  The FTC did not consider the market

14  for precharge technologies, the write latency technology market, or the broader DRAM interface

15  technology market and you should make your decision on those three markets based on the

16  evidence in the record. ]

17

18  **Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-7, C-11; Antitrust
    Civil Jury Instruction (1972), at 173-74 (opponent of prima facie evidence under 15 U.S.C. § 16
19  must "overcome by other evidence" the government decision); FTC Complaint Counsel Proposed
    Finding of Facts, 2899 (seeking finding of monopoly power in only "four relevant technology
20  markets"); Antitrust Guidelines for the Licensing of Intellectual Property, U.S. Department of
    Justice and the Federal Trade Commission (1995).

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 3(a)**

3      The proposed instruction is legally incorrect and misleading, in that it neither correctly nor

4  adequately explains a relevant product market or how the jury is to determine whether plaintiffs

5  have proven such a market by a preponderance of the evidence.  As examples, in the second

6  sentence plaintiffs have deleted from the ABA Model Instruction the crucial words "a consumer

7  believes"; plaintiffs have deleted the important sentence, "This is a practical test with reference to

8  the actual behavior of buyers and marketing efforts of sellers."; and plaintiffs have deleted the

9  entirety of the second paragraph of the Model Instruction, which explains to the jurors the

10  significance of price elasticity.

11      The proposed instruction is legally incorrect and misleading in that it omits some of the

12  factors that should be considered by the jury in determining whether plaintiffs have proven a

13  relevant product market.

14      The proposed instruction mischaracterizes the potentially relevant markets at issue in this

15  case.

16      The proposed instruction is incomplete and misleading in that it summarizes plaintiffs'

17  contentions with respect to the relevant market without also summarizing Rambus's contentions.

18      The proposed instruction is argumentative and makes unwarranted factual assumptions.

19      The last paragraph of the proposed instruction is legally incorrect, misleading and

20  prejudicial.  There is no basis for instructing the jury with respect to the FTC decision.[1]

21      Rambus requests that the Court issue Rambus's proposed instruction 12, which adheres

22  closely to the ABA Model Instructions at C-7─C-9.

23

24

25

26

_____

27  [1] Rambus incorporates by reference herein, and in each comparable objection below, the
objections to use of the FTC decision at trial of this matter set forth in prior briefs filed by

28  Rambus.

1          **MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 3(b)**

2          **Monopolization - Relevant Geographic Market Defined**

3          The second aspect of the relevant market that you must consider is the geographic market

4    within which the technologies compete.  The geographic market may be as large as global or

5    nationwide, or as small as a single town or even smaller.

6          Hynix, Micron, and Nanya have the burden of proving the relevant geographic market by

7    a preponderance of the evidence. In this case, Hynix, Micron, and Nanya claim that the relevant

8    geographic market is either the United States of America or worldwide or both.  In determining

9    whether Hynix, Micron, and Nanya have met their burden of proof and demonstrated that their

10   proposed geographic market or markets are proper, you should consider whether changes in

11   prices or technology offerings in one area have substantial effects on prices or sales in another

12   area.  You may also consider: (1) the geographic area in which Rambus's claimed technologies

13   are sold and where users of the technologies are located; (2) the geographic area to which users of

14   Rambus's claimed technologies turn for the technology or have seriously considered turning; (3)

15   the geographic area to which customers have turned or have seriously considered turning; or (4)

16   the geographic areas that suppliers view as potential competition.

17         [On July 31, 2006 the United States Federal Trade Commission found Rambus liable for

18   unlawful monopolization in a government civil enforcement action.  In reaching its decision, the

19   FTC found that the relevant market was worldwide.  The FTC decision on the geographic market

20   is sufficient evidence for you to find the existence of a worldwide market.  You may assume that

21   Hynix, Micron, and Nanya have met their burden of proof unless Rambus has introduced

22   evidence to overcome the evidence in the record, including the FTC's decision.]

23

24   **Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-13-15.

25

26

27

28

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 3(b)**

3       The proposed instruction mischaracterizes the potentially relevant markets at issue in this

4  case.

5       The proposed instruction is legally incorrect and misleading in that it substitutes "users"

6  for "customers."

7       The proposed instruction is incomplete and misleading in that it summarizes plaintiffs'

8  contentions with respect to the relevant market without also summarizing Rambus's contentions.

9       The proposed instruction is argumentative.

10      The proposed instruction omits factors that should be considered in determining whether

11  plaintiffs have proven a relevant geographic market.

12      The last paragraph of the proposed instruction is legally incorrect, misleading and

13  prejudicial.  There is no basis for instructing the jury with respect to the FTC decision.

14      Rambus requests that the Court issue Rambus's proposed instruction 13, which adheres

15  closely to the ABA Model Instructions at C-13─C-14.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 4**

2    **Monopolization - Lock In**

3         I will refer in various instructions that follow to a concept known as "lock in."  "Lock in"

4    is a concept used to describe a situation where it is no longer feasible for a person or entity to

5    switch from one technology to another.  In this case, Hynix, Micron and Nanya allege that when

6    the SDRAM standards were initially adopted by JEDEC, there were numerous alternative

7    technologies available that could have been chosen for the standards and that JEDEC would have

8    adopted those alternative technologies for the standards if Rambus had disclosed that it intended

9    to assert ownership of the technologies being adopted into the standards and that it intended to

10   claim a right to a determine the amount of the royalty payments associated with the use of those

11   technologies.  Hynix, Micron and Nanya allege that by the year 2000 and thereafter, when

12   Rambus did disclose those claims, they were "locked in" to using the SDRAM technologies

13   adopted into the standards, and the subsequently developed standards for future generations of

14   DRAMs, which are now subject to Rambus's patent claims, because they could no longer feasibly

15   switch from the standardized SDRAM technologies to the alternative technologies that were

16   previously available.

17        Specifically, Hynix, Micron and Nanya allege that this lock-in existed as of 2000 and

18   thereafter because the computer industry had adopted technologies subject to Rambus's patent

19   claims as industry standards and that members of the industry, including Hynix, Micron, and

20   Nanya, other DRAM manufacturers, and the industry participants who produced products that

21   used or were used with DRAM, had made significant investments into the design, testing, and

22   manufacture of products compliant with those standards.  Hynix, Micron and Nanya claim that

23   these investments as well as the delays and technological and practical difficulties associated with

24   any attempt to switch to previously available alternative technologies created significant barriers

25   to adopting or using these alternatives as opposed to the technologies subject to Rambus's patent

26   claims.  Rambus denies that a "lock in" occurred and alleges that it was economically and

27   technologically feasible for the members of the computer industry to stop using the technologies

28

1    adopted into the standard once they learned of Rambus's patent claims with respect to those

2    technologies.

3         You must decide whether this lock-in occurred or did not occur.  I will explain the

4    significance of this issue in subsequent instructions.

5         [The Federal Trade Commission, in its July 31, 2006 decision, determined that the

6    industry was "locked in" to Rambus's technologies for SDRAM and DDR SDRAM.  The FTC's

7    decision on lock in is sufficient evidence that the industry was locked in to the technologies at

8    issue for the production of SDRAM and DDR SDRAM.  The FTC did not reach a decision on

9    whether the industry was locked in to DDR2 or DDR3 SDRAM and is therefore not evidence on

10   this issue with respect to DDR2 or DDR3 SDRAM].

11

12   **Authority:**  *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 310, 315 (3d Cir. 2007); *Digidyne*
     *v. Data General Corp.*, 734 F.2d 1336 (9th Cir. 1984) (industry lock in to technological feature);

13   US DEP'T OF JUSTICE, ANTITRUST ENFORCEMENT AND INTELLECTUAL PROPERTY RIGHTS:
     PROMOTING INNOVATION AND COMPETITION (2007) at 37-39, 44.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 14 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 4**

The proposed instruction is entirely improper because it constitutes attorney argument and expert testimony, not instructions about the legal standards applicable to plaintiffs' claims.

The proposed instruction is misleading, incomplete and prejudicial, because it purports to summarize plaintiffs' contentions in detail but fails to summarize Rambus's contentions accurately or in the same detail.

The proposed instruction is argumentative and makes unwarranted factual assumptions.

The proposed instruction violates this Court's Order of June 17, 2006, in that it assumes that the alleged JEDEC duty to disclose extended to Rambus's intentions. 7/17/06 Order Re Rambus's Motion for Summary Judgment and Summary Adjudication ("7/17/06 Order") at 2:7-8 ("the JEDEC duty to disclose did not extend to the beliefs, hopes, or intentions to file or amend patent applications").

The last paragraph of the proposed instruction is legally incorrect, misleading and prejudicial. There is no basis for instructing the jury with respect to the FTC decision.

4043076.2

- 15 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 5**

**Assumption Regarding Rambus's Patents**

As I have previously instructed you, you must assume for the purposes of this trial that the DRAM products manufactured by Hynix, Micron, and Nanya in accordance with the JEDEC standards at issue in this case infringe valid patents issued to Rambus.

4043076.2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 5**

The proposed instruction is argumentative and makes unwarranted factual and legal assumptions, in that it assumes that DRAM products were manufactured by plaintiffs "in accordance with the JEDEC standards."

The proposed instruction is legally incorrect, vague and misleading because it fails to explain what it means for a patent to be "valid" and it fails to advise the jurors which products manufactured by plaintiffs have been found to infringe Rambus's patents.

Rambus requests that the Court issue Rambus's proposed instruction 23.

4043076.2

- 17 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1    **MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 6**

2    **Monopolization - Monopoly Power Generally**

3          If you find that Hynix, Micron, and Nanya have proven the existence of one or more

4    relevant markets, then you must next determine whether Rambus has monopoly power in those

5    markets.  Monopoly power is the power to control prices and exclude competition in a relevant

6    antitrust market.  Monopoly power, in and of itself, is not unlawful.  A company has monopoly

7    power if it can profitably raise or maintain prices substantially above the competitive level for a

8    significant period of time.  Monopoly power may be proven by **direct** or **indirect** evidence of

9    market control.  I will provide further instructions on how to evaluate direct and indirect evidence

10   of market control in Instruction Numbers 7, 8, and 9.

11

12   **Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-4.

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 6**

3        The proposed instruction is incomplete and misleading in that it fails to state that, if

4    plaintiffs have failed to prove by a preponderance of the evidence either a relevant product market

5    or a relevant geographic market, the jury must find for Rambus on the monopolization and

6    attempt to monopolize claims.

7        The proposed instruction is incomplete and misleading in that it fails to specify that

8    plaintiffs have the burden of proving that Rambus has monopoly power in a relevant antitrust

9    market.  *See* ABA Model Instructions, at C-4.

10       The proposed instruction is vague and misleading in that it equates the undefined term

11   "market control" with "monopoly power."

12       The proposed instruction is improper because it assumes that plaintiffs have any

13   admissible direct evidence of monopoly power.

14       Rambus requests that the Court issue Rambus's proposed instructions 10 and 14, which

15   adhere closely to the ABA Model Instructions at C-4 and C-15.

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 7**

**Monopolization – Existence of Monopoly Power – Direct Evidence**

Hynix, Micron, and Nanya may prove monopoly power directly by showing that Rambus

has the ability to raise or maintain prices or charge higher royalties for technologies above a

competitive level, for a significant period of time, without losing substantial business to

alternative technologies.  If it is shown that an attempt to charge royalties above competitive

levels would cause users to switch to alternative technologies, then you may find that Rambus

does not have monopoly power.

**Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-23; *Broadcom Corp. v. Qualcomm Inc.*, 501 F. 3d 297, 317 (3d Cir. 2007) (in technology markets, SSO adopts a standard by comparing "competing technologies").

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**
**INSTRUCTION NO. 7**

3
4

The proposed instruction is improper because it assumes that plaintiffs have any admissible direct evidence of monopoly power.

5
6
7

The proposed instruction is legally incorrect and misleading in that it fails to make clear that plaintiffs have the burden of proof.  *See* ABA Model Instructions at C-23 ("Plaintiff has the burden of proving"; "Plaintiff must prove"; "Plaintiff must also prove").

8
9
10
11
12

The proposed instruction is legally incorrect in that it misstates the test for whether Rambus has monopoly power by, among other things, omitting the words "profitably" and "substantially" from the first sentence of the instruction.  *See id.* ("a firm is a monopolist if it can profitably raise or maintain prices substantially above the competitive level for a significant period of time").

13
14
15

The proposed instruction is legally incorrect in that it fails to state that plaintiffs have the burden of proving that Rambus has the ability to exclude competition.  *See id.* at C-24 ("[P]laintiff must prove that defendant has the ability to exclude competition.")

16
17
18

The proposed instruction is legally incorrect in that it fails to state that the ability to earn high profit margins or a high rate of return does not necessarily mean that a defendant has monopoly power.  *See id.*

19
20
21

The last sentence of the proposed instruction is legally incorrect and misleading in that it suggests that Rambus may have the burden of showing that "users [would] switch to alternative technologies."  *See id.*

22
23
24
25
26
27
28

The last sentence of the proposed instruction is legally incorrect and misleading in that it states that, if "an attempt to charge royalties above competitive levels would cause users to switch to alternative technologies," the jury only "may" find that Rambus does not have monopoly power, rather than being required to so find.  *See id.* ("If defendant attempted to maintain prices above competitive levels, but would lose so much business to other competitors that the price increase would become unprofitable and would have to be withdrawn, then defendant does not have monopoly power.").

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 8**

2

**Burden of Proof When Direct Evidence of Monopolization is Shown**

3        If you find that Hynix, Micron and Nanya have demonstrated the existence of direct proof

4   of Rambus's monopoly power with respect to their Monopolization [and Attempted

5   Monopolization] claims, you need not reach a determination as to the existence of either a

6   technological or geographic market.  If you find that Rambus's monopoly power is only

7   demonstrated through indirect proof, however, you must make a determination as to whether

8   Hynix, Micron, and Nanya have met their burden of proof with respect to the existence of one or

9   more relevant markets before you can find in favor of Hynix, Micron, or Nanya on their

10  Monopolization [and Attempted Monopolization] claims.

11

12  **Authorities:**  *Broadcom Corp. v. Qualcom Inc.*, 501 F.3d 297, 307 n.3 (3rd Cir. 2007); 2A Phillip
    E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and their
13  Application ¶ 531a (2006); *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 107-08 (2d Cir. 2002)
    (stating that "a relevant market definition is not a necessary component of a monopolization
14  claim" where there is direct evidence of monopoly power); *Conwood Co., L.P. v. U.S. Tobacco
    Co.*, 290 F.3d 768, 783 n. 2 (6th Cir. 2002) (noting that monopoly power "may be proven directly
15  by evidence of the control of prices or the exclusion of competition, or it may be inferred from
    one firm's large percentage share of the relevant market") (internal quotation marks and citation
16  omitted); *Toys "R" Us, Inc. v. F.T.C.*, 221 F.3d 928, 937 (7th Cir. 2000) (distinguishing between
    proving monopoly power by direct evidence, and "by proving relevant product and geographic
17  markets and by showing that the defendant's share exceeds whatever threshold is important for
    the practice in the case").

18

19

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 8**

3      The proposed instruction is improper because it assumes that plaintiffs have any

4  admissible direct evidence of monopoly power.

5      The proposed instruction is legally incorrect and misleading because it suggests that the

6  existence of any direct evidence of monopoly power is necessarily sufficient to satisfy plaintiffs'

7  burden of proving that Rambus has monopoly power by a preponderance of the evidence.

8      The proposed instruction is legally incorrect and misleading because it suggests that the

9  existence of any direct evidence of monopoly power necessarily eliminates the need for plaintiffs

10  to prove by a preponderance of the evidence the relevant product and geographic markets.

11      The proposed instruction is legally incorrect and misleading because it suggests that the

12  jury could find that plaintiffs had demonstrated, based on indirect evidence, that Rambus has

13  monopoly power, without first finding that plaintiffs had met their burden of proving the relevant

14  markets.

15      The proposed instruction is legally incorrect and misleading because it suggests that proof

16  of a relevant market and monopoly power is sufficient for a finding in favor of plaintiffs on the

17  monopolization and attempted monopolization claims.  *See* ABA Model Instructions at C-25 ("If

18  you find that defendant has monopoly power in the relevant market, then you must consider the

19  remaining elements of this claim.").

20

21

22

23

24

25

26

27

28

4043076.2

- 23 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 9**

2

**Monopolization – Existence of Monopoly Power – Indirect Evidence**

3

Hynix, Micron, and Nanya may also prove the existence of monopoly power through

4

indirect evidence.  There are a number of factors you may consider as indirect evidence of

5

monopoly power, including evidence of Rambus's market share, market share trend, and barriers

6

to entry.  If you find that any of these factors exist, and, based on this evidence, that Rambus has

7

the power to control or maintain royalties above a competitive level and to exclude alternative

8

technologies in the relevant market or markets, then you may conclude that Rambus has

9

monopoly power in the relevant market or markets.

10

***Market Share***

11

The first factor you should consider is Rambus's market share in the six relevant

12

technology markets or, in the alternative, in the broader DRAM interface technology market.

13

Based on the evidence that you have heard about Rambus's market share, you should determine

14

Rambus's market share as a percentage of the total sales of DRAMs (measured by revenue)

15

received by the companies who hold a license to Rambus's technology or the companies that

16

Rambus has filed litigation against in order to compel the payment of royalties relating to DRAM

17

sales.

18

If you find that Rambus's market share is above 65 percent, you may presume that

19

Rambus has monopoly power.[2]  A market share above 50 percent may be sufficient to support an

20

inference that Rambus has monopoly power.  However, in considering whether Rambus has

21

monopoly power, it is also important to consider other aspects of the relevant market, such as the

22

existence of barriers to entry, market share trends, and whether Hynix, Micron, and Nanya were

23

locked in to using the technologies that Rambus claims it owns.  Along with Rambus's market

24

share, these factors should inform you as to whether Rambus has monopoly power.  The

25

likelihood that a company has monopoly power is stronger when the company's share is above 50

26

_____

[2]  *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, __ F. Supp. 2d __, 2007 WL 3197052, *6 (C.D.Cal.

27

2007) ("presumption of market power arises where the defendant has 65% or more of the relevant
market"); *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir.

28

1997) ("65% market share ... establish[es] a prima facie case of market power").

percent. A market share below 50 percent is ordinarily not sufficient to support a conclusion that a company has monopoly power.  However, if you find that other evidence demonstrates that Rambus does, in fact, have monopoly power despite having a market share below 50 percent, you may conclude that it has monopoly power.

### Market Share Trend

The second factor that you may consider is the trend in Rambus's market share.  An increasing market share may strengthen an inference that a company has monopoly power, particularly where that company has a high market share, while a decreasing share might show that a company does not have monopoly power.

### Barriers to Entry

For the third factor, you may consider whether there are barriers to entry into the relevant market or markets.  Barriers to entry make it difficult for alternative technologies to enter or be adopted in the relevant technology market or markets in a meaningful and timely way.  A potential barrier to entry may be the existence of a "lock in" in connection with an industry-wide standard.  In determining whether a lock-in occurred in this case, you are to follow the instruction on "lock ins" that I have already provided to you.

[The Federal Trade Commission found that Rambus had monopoly power in four relevant technology markets.  The FTC's decision on monopoly power is sufficient evidence of Rambus's possession of monopoly power in the four relevant markets and you may decide, based on that decision, that Hynix, Micron, and Nanya have met their burden by a preponderance of the evidence to show that Rambus possessed monopoly power.  If Rambus has introduced evidence to overcome the evidence in the record, including the FTC decision and any other evidence on monopoly power, you may find for Rambus on this issue.]

**Authorities:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-16.  *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, ____ F. Supp. 2d ___, 2007 WL 3197052, *6 (C.D.Cal. 2007) (65% share creates presumption of market power); *Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir. 1997) (65% share established market power); Hovenkamp, et al.; *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 507 (1988) (setting an industry standard results in "the exercise of market power"); *Broadcom Corp. v. Qualcomm Inc.*, 501 F. 3d 297, 311 (3d Cir. 2007) (standard setting and adoption of standard can result in market

1    power); Broadcom Corp. v.  Qualcomm Inc., 501 F. 3d 297, 317 (3d Cir. 2007) (in technology
2    markets, SSO adopts a standard by comparing "competing technologies"); *Broadcom Corp. v.*
     *Qualcomm Inc.*, 501 F. 3d 297, 310 (3d Cir. 2007) (industry investments lead to lock in).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 9**

The proposed instruction is legally incorrect and misleading because it omits factors that should be considered in determining whether plaintiffs have met their burden of proving that Rambus has monopoly power. *See* ABA Model Instructions, at C-16─C-19 (specifying "entry and exit by other companies" and "number and size of competitors" as factors).

The proposed instruction is legally incorrect and misleading because it suggests that the existence of any one of the specified factors is sufficient to prove that Rambus has monopoly power.

The proposed instruction is legally incorrect and misleading because it misstates the test for whether Rambus has monopoly power in a relevant market.

The proposed instruction is improper and prejudicial because it assumes the existence of either "six relevant technology markets" or a "broader DRAM interface technology market."

The proposed instruction is legally incorrect, vague, misleading and prejudicial because it misstates the manner in which Rambus's market share in a relevant market should be determined. This is properly a subject for expert testimony, not a jury instruction.

The proposed instruction is legally incorrect, misleading and prejudicial because it misstates the law with respect to the significance of various market shares to a determination of *monopoly* power (as opposed to *market* power), by suggesting that 65% creates a presumption of monopoly power and that 50% may be sufficient without direct evidence of the power to control prices and exclude competition. This is squarely contrary to controlling law. *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir. 1997) ("Courts generally require a 65% market share to establish a prima facie case of *market* power. . . . Noting that '*monopoly* power' under § 2 requires 'something greater than market power under § 1,' the [Supreme] Court held that the evidence that Kodak controls nearly *100%* of the parts market and *80% to 95%* of the service market [was] sufficient to survive summary judgment."; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 109 (2d Cir. 2002) (Absent additional evidence,

1    such as an ability to control prices or exclude competition, *a 64 percent market share is*

2    *insufficient to infer monopoly power*." (emphases added).

3         The proposed instruction is improper to the extent it refers to the concept of "lock-in,"

4    which is properly addressed, if at all, in attorney argument and expert testimony.

5         The last paragraph of the proposed instruction is legally incorrect, misleading and

6    prejudicial.  There is no basis for instructing the jury with respect to the FTC decision.

7         Rambus requests that the Court issue Rambus's proposed instruction 15, which adheres

8    closely to the ABA Model Instructions at C-16—C-19.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2                                    - 28 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 10**

**Monopolization: Willful Acquisition or Maintenance of Monopoly Power**

**Through Anticompetitive or Exclusionary Conduct**

If you find that Rambus has monopoly power in one or more relevant markets, you must next consider whether Rambus willfully acquired or maintained monopoly power through anticompetitive acts or through exclusionary conduct.      Anticompetitive acts and exclusionary conduct are two phrases describing the same kind of activity. Anticompetitive acts and exclusionary conduct are acts or conduct, other than competition on the merits, that have the effect of preventing or excluding competition or frustrating the ability of alternative technologies to enter or be adopted in a relevant market or markets. Harm to competition is to be distinguished from harm to a single competitor or group of competitors, which does not necessarily constitute harm to competition. In addition, you should distinguish the acquisition or maintenance of monopoly power through anticompetitive acts or exclusionary conduct from the acquisition of monopoly power through the supply of better products or services, the possession of superior business skills, or due to luck, all of which are not unlawful.

Mere possession of monopoly power, if lawfully acquired, does not violate the antitrust laws. A monopolist may compete aggressively without violating the antitrust laws. All companies have a desire to increase their profits and increase their market share. These goals are an essential part of a competitive marketplace, and the antitrust laws do not make these goals unlawful, as long as a company does not use anticompetitive means to achieve these goals. A monopolist's conduct only becomes unlawful where it involves anticompetitive acts or exclusionary conduct.

In determining whether Rambus's conduct was exclusionary and anticompetitive or whether it was legitimate business conduct, you should determine whether the conduct is consistent with competition on the merits, whether the conduct provides benefits to consumers, and whether the conduct would make business sense apart from any effect it has on excluding competition.

1    The acts or practices that result in the acquisition or maintenance of monopoly power

2  must represent something more than the conduct of business that is part of the normal competitive

3  process or commercial success.  They must represent conduct that has made it very difficult or

4  impossible for competing technologies to compete and that was not taken for a legitimate

5  business reason.  You may not find that Rambus willfully acquired or maintained monopoly

6  power if it has acquired or maintained that power solely through the exercise of superior foresight

7  and skill; or because of natural advantages or luck; or because of economic or technological

8  efficiency, including efficiency resulting from scientific research; or by obtaining a lawful patent.

9

10  **Authorities:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-26.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 10**

3         The proposed instruction is incomplete, legally incorrect and misleading because it fails to

4    state that plaintiffs have the burden of proving that Rambus willfully acquired or maintained

5    monopoly power through anticompetitive acts or practices and that, if plaintiffs fail to do so, the

6    jury must find in favor of Rambus on the monopolization claim. *See* ABA Model Instructions at

7    C-26─C-30.

8         The proposed instruction is legally incorrect because it fails to state that plaintiffs must

9    prove by clear and convincing evidence that Rambus willfully acquired or maintained monopoly

10   power through anticompetitive acts or practices. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360,

11   1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73

12   (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

13        The proposed instruction is incomplete and legally incorrect because it omits the crucial

14   statement that "a monopolist may charge monopoly prices without violating the antitrust laws."

15   *See* ABA Model Instructions at C-26.

16        The proposed instruction is incomplete, vague and misleading because it fails to provide

17   examples to illustrate the differences between the lawful and unlawful acquisition of monopoly

18   power. *See id*. at C-27─C-28.

19        The proposed instruction is incomplete, legally incorrect and misleading because it omits

20   some of the means by which Rambus could have acquired monopoly power and which would

21   preclude the jury from finding that Rambus acquired such power unlawfully. *See id*. at C-29.

22        Rambus requests that the Court issue Rambus's proposed instruction 16, which adheres

23   closely to the ABA Model Instructions at C-26─C-30.

24

25

26

27

28

1   **MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 10(a)**

2   **Monopolization – Willful and Anticompetitive**

3   **Conduct Relating to a Standard Setting Organization**

4       In support of their Monopolization claims, Hynix, Micron, and Nanya allege that Rambus

5   willfully engaged in an anticompetitive and exclusionary course of conduct in connection with the

6   development of standards by a standard setting organization known as JEDEC.  JEDEC is a

7   private standard setting organization that develops the industry standard for DRAM interface

8   technologies.

9       The standard-setting process allows a standard setting organization to make an objective

10  comparison between competing technologies, patent positions, and licensing terms before an

11  industry becomes "locked in" to a standard.   Standard setting organizations enhance consumer

12  welfare by ensuring interoperability of products and devices, which allows companies to spread

13  the cost of research and development over a larger number of consumers, and lowers the costs of

14  switching between competing products and services, thereby enhancing competition between

15  suppliers.[3]

16      Inefficiency may be injected into a standard-setting process by what is known as a "patent

17  hold up."  This occurs when a standard setting organization completes the process of evaluating

18  technologies and adopting a new standard, only to discover that certain technologies essential to

19  implementing the standard are patented.  When this occurs, the patent holder is in a position to

20  "hold up" the industry participants from implementing the standard and/or producing products in

21  compliance with the standard.  Industry participants who have invested resources developing

22  products or technologies that conform to the standard may find it prohibitively expensive or

23  otherwise not feasible to abandon their investment and switch to another standard and will

24  therefore have become "locked in" to the standard.  I have provided you with a separate

25

26  [3]  *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 308 (3d Cir. 2007) (standard setting serves
    to "ensure the interoperability of products"); 13 Phillip E. Areeda & Herbert Hovenkamp,

27  Antitrust Law ¶ 2233 (2d ed. 2005) (interoperability from standard setting process creates
    "network externalities"); US DEP'T OF JUSTICE, ANTITRUST ENFORCEMENT AND INTELLECTUAL

28  PROPERTY RIGHTS: PROMOTING INNOVATION AND COMPETITION (2007) at 6-7.

1    instruction, which is Instruction Number 4, that you must consider in order to determine whether

2    a "lock in" occurred in this case.

3        A company who causes a "patent hold up" to occur may be found liable for willfully

4    engaging in anticompetitive and exclusionary conduct in violation of the Sherman Act.  In order

5    to find that Rambus has engaged in such conduct in this case, you must find that Hynix, Micron,

6    and Rambus have proven by a preponderance of the evidence the following three elements:

7        **First**, you must find that JEDEC expected its members to disclose patents or patent

8    applications relating to the standards to be adopted and required its members to commit to

9    licensing any patents relating to those standards under reasonable and non-discriminatory terms.

10        **Second**, you must find that Rambus either:

11            (a)    misrepresented the scope of its patents and patent applications to JEDEC;

12    or

13            (b)    failed to disclose and/or intentionally concealed the existence of patents or

14    patent applications owned by it and relating to the standards to be adopted by JEDEC; or

15            (c)    otherwise engaged in deceptive conduct or actions inside or outside of

16    JEDEC that caused JEDEC to believe that Rambus did not intend to assert any patents owned by

17    it and relating to the standards against the industry participants who would be implementing the

18    standards or producing products in compliance with the standards.

19        **Third**, you must find that JEDEC relied upon Rambus's misrepresentations, failure to

20    disclose, or other deceptive actions or conduct in adopting the industry standards at issue in this

21    case.

22        [The FTC has found that Rambus willfully acquired its monopoly power through a course

23    of deceptive conduct at JEDEC.  The FTC's decision on Rambus's deceptive conduct is sufficient

24    evidence to find that Rambus engaged in a course of deceptive conduct at JEDEC and you may

25    find, based on the FTC decision, that Hynix, Micron, and Nanya have met their burden of proof

26    on this element of their Monopolization claims.  If Rambus has introduced evidence to overcome

27    the evidence in the record, including the FTC decision and any other evidence of willful

28    acquisition of monopoly power, then you may find for Rambus on this element of the claims.]

1

2

3

**Authorities:**  Adapted from ABA Model Antitrust Jury Instructions (2005) (willful acquisition), C-26; ABA Model Antitrust Jury Instructions D-64 (fraud on PTO instruction); *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 308 (3d Cir. 2007) (standard setting serves to "ensure the interoperability of products"); *Id*. at 314 (3d Cir. 2007) (elements of Section 2 exclusionary conduct before standard setting organization).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2                                                      - 34 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1
2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 10(a)**

3          The proposed instruction is entirely improper because it constitutes attorney argument and

4    expert testimony, not instructions about the legal standards applicable to plaintiffs' claims.

5          The proposed instruction is misleading, incomplete and prejudicial, because it purports to

6    summarize plaintiffs' contentions in detail but fails to summarize Rambus's contentions

7    accurately or in the same detail.

8          The proposed instruction is argumentative and makes unwarranted factual assumptions.

9          The proposed instruction is legally incorrect, misleading and prejudicial because it

10   misstates the elements that plaintiffs must prove in order to establish anticompetitive conduct by

11   Rambus and fails to state that plaintiffs must prove those elements by clear and convincing

12   evidence.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002);

13   *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998);

14   *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

15          To the extent that the proposed instruction purports to rely upon *Broadcom Corp. v.*

16   *Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007), which was decided at the motion to dismiss stage

17   and contains no discussion of jury instructions, the instruction is inaccurate, incomplete and

18   misleading.

19          The last paragraph of the proposed instruction is legally incorrect, misleading and

20   prejudicial.  There is no basis for instructing the jury with respect to the FTC decision.

21
22
23
24
25
26
27
28

4043076.2

- 35 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 11**

**Monopolization Defense - Business Justification**

3      Hynix, Micron and Nanya have the burden of proving by a preponderance of the evidence

4   that Rambus's conduct was exclusionary or anticompetitive as I have explained those terms.  If

5   you find that Rambus's conduct had this exclusionary or anticompetitive effect, then Rambus has

6   the burden of proving by a preponderance of the evidence that it had a legitimate, pro-competitive

7   justification for that conduct.  To be legitimate, the justification must be in good faith.  In other

8   words, it cannot be a pretextual, after-the-fact excuse.  Further, such justification must establish

9   that the conduct was a form of competition on the merits, that is, something that increased

10  efficiency.

11      If you find that Rambus's conduct had an anticompetitive effect, but that Rambus has

12  proven by a preponderance of the evidence that it had a legitimate, pro-competitive justification

13  for this conduct, Hynix, Micron and Nanya must then prove by a preponderance of the evidence

14  that the anticompetitive effect of Rambus's conduct outweighed the pro-competitive benefits of

15  that conduct.

16

17  **Authority:**   *United States v. Microsoft Corp.*, 253 F.3d 34, 58-59 (D.C. Cir. 2001) (en banc);
    *LePage's Inc. v. 3M*, 324 F.3d 141, 163 (3d Cir. 2000) (en banc); *Data Gen. Corp. v. Grumman*
18  *Sys. Support Corp.*, 36 F.3d 1147, 1183 (1st Cir. 1994); *ABA Section of Antitrust Law, Antitrust*
    *Law and Developments* (6th Ed. 2007) at pp. 301-302 ("where the defendant's justification for its
19  conduct is cognizable and not pretextual, cases generally afford the plaintiff the opportunity to
    establish that the anticompetitive harm nevertheless outweighs the procompetitive benefits
20  identified by the defendant").

21

22

23

24

25

26

27

28

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 11**

The proposed instruction is legally incorrect and misleading because it fails to state that plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive by clear and convincing evidence. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed. Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir. 1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

The proposed instruction is legally incorrect and misleading because it wrongly states that Rambus has the burden of proving by a preponderance of the evidence that it had a legitimate, pro-competitive justification for its conduct. *City of Vernon v. Southern California Edison Co.*, 955 F.2d 1361, 1366 (9th Cir. 1992) ("Although the defendant generally has the burden of *coming forward* with a legitimate business justification after the plaintiff has shown evidence of monopolistic intent, *the plaintiff . . . ultimately has the burden of proving that the defendant acted without a legitimate business justification*."); *United States v. Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2001) ("if a plaintiff [demonstrates] anticompetitive effect, then the monopolist may *proffer* a 'procompetitive justification' for its conduct. If the monopolist *asserts* a procompetitive justification . . . then the burden shifts back to the plaintiff to rebut that claim.") (emphases added).

The proposed instruction is legally incorrect and misleading in that it defines a legitimate business justification too narrowly, as "something that increased efficiency." *See* ABA Model Instructions, at C-39 ("A legitimate business purpose is one that benefits the actor regardless of any harmful effect on competitors, such as a purpose to promote efficiency or quality, offer a better product or service, or increase short run profits.")

Rambus requests that the Court issue Rambus's proposed instruction 18, which adheres closely to the ABA Model Instructions at C-39, and the Ninth Circuit's decision in *City of Vernon v. Southern California Edison Co.*, 955 F.2d 1361 (9th Cir. 1992).

4043076.2

1

2

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 12**

**Monopolization – Interstate Conduct**

3

4

5

6

The Sherman Act applies only to conduct that affects interstate commerce.  In this case, Hynix, Micron, and Nanya contend that [or it is undisputed that] Rambus's conduct affects interstate commerce.  Interstate commerce refers to transactions in goods or services between one or more persons in one state and one or more persons in another state.

7

8

9

To affect interstate commerce, it is not necessary that Rambus's conduct itself occur in multiple states or directly affect transactions that span across multiple states.  It is enough if some activities that were affected by Rambus's conduct had some effect on interstate commerce.

10

11

**Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), A-13.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 38 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 12**

3

4

5

6

The proposed instruction is legally incorrect and misleading because it omits the words "of Rambus" after "activities" in the last sentence.  *See* ABA Model Instructions, at A-13 ("It is enough if some activities *of the defendant* that were affected by the [alleged conduct] had some effect on interstate commerce.") (emphasis added).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 39 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 13**

**Monopolization – Injury and Causation**

If you find that Rambus has violated the Sherman Act, you must then decide if Hynix, Micron, and Nanya are entitled to recover damages from Rambus.

Hynix, Micron, and Nanya are entitled to recover damages for an injury to their business or property if they can establish three elements of injury and causation:

**First**, that Hynix, Micron, or Nanya were in fact injured as a result of Rambus's alleged violation of the antitrust laws;

**Second**, that Rambus's alleged illegal conduct was a material cause of Hynix, Micron, and Nanya's injuries; and

**Third**, that Hynix, Micron, and Nanya's injuries are the type that the Sherman Act was intended to prevent.

The first element is sometimes referred to as "injury in fact" or "fact of damage." Proving the "fact of damage" does not require Hynix, Micron, or Nanya to prove the dollar value of their injuries. It requires only that Hynix, Micron, or Nanya prove that they were in fact injured by Rambus's alleged antitrust violation. If you find that Hynix, Micron, or Nanya have established that they were in fact injured, you may then consider the amount of Hynix, Micron, or Nanya's damages. It is important to understand, however, that injury and amount of damages are different concepts and that you cannot consider the amount of damages unless and until you have concluded that Hynix, Micron, and Nanya have established that they were in fact injured.

Hynix, Micron, and Nanya must also offer evidence that establishes as a matter of fact and with a fair degree of certainty that Rambus's conduct was a material cause of Hynix, Micron, or Nanya's injuries. This means that Hynix, Micron, or Nanya must have proven that some damages occurred as a result of Rambus's alleged antitrust violation, and not some other cause. Hynix, Micron, and Nanya are not required to prove that Rambus's violation was the sole cause of their injury. They also do not need to eliminate all other possible alternate causes of injury. It is enough if Hynix, Micron, or Nanya have proven that Rambus's alleged antitrust violation was a material cause of their injury.

1    Finally, Hynix, Micron, and Nanya must establish that their injuries are the type of

2    injuries that the Sherman Act was intended to prevent.  This is sometimes referred to as an

3    "antitrust injury."  If Hynix, Micron, and Nanya's injuries were caused by a reduction in

4    competition then Hynix, Micron, and Nanya's injuries are "antitrust injuries."  On the other hand,

5    if Hynix, Micron, and Nanya's injuries were caused by heightened competition on the merits, the

6    competitive process itself, or by acts that would benefit consumers, then Hynix, Micron, and

7    Nanya's injuries are not antitrust injuries and Hynix, Micron, and Nanya may not recover

8    damages for those injuries under the antitrust laws.  The antitrust laws do not permit an antitrust

9    plaintiff to recover damages for losses that were caused by the fair competitive process or by

10   conduct that benefits consumers.

11   If Hynix, Micron, and Nanya can establish that they were in fact injured by Rambus's

12   conduct, that Rambus's conduct was a material cause of Hynix, Micron, and Nanya injuries, and

13   that Hynix, Micron, and Nanya's injuries were "antitrust injuries" - the type that the Sherman Act

14   was intended to prevent - then Hynix, Micron, and Nanya are entitled to recover damages for the

15   injuries to their business or property.  These injuries may include the fees Hynix, Micron, and

16   Nanya incurred in defending against patent infringement suits brought by Rambus if you find that

17   those suits were the result of an overall course of anticompetitive conduct.

18   [The FTC has found Rambus liable for unlawful monopolization in a government civil

19   enforcement action.  In reaching its decision, the FTC found that Rambus's deceptive conduct

20   materially caused JEDEC to adopt certain technology standards in the relevant markets.  The

21   FTC's decision on the effects of Rambus's deceptive conduct is sufficient evidence that

22   Rambus's deceptive conduct was a material cause of the adoption of the JEDEC standard.  You

23   may find, based on the FTC decision, that Hynix, Micron, and Nanya have met their burden by a

24   preponderance of the evidence to prove that Rambus was a material cause of the adoption of the

25   JEDEC technology standards.  However, the FTC decision is not sufficient, by itself, to

26   demonstrate that Hynix, Micron, and Nanya have suffered an "antitrust injury."  If Rambus has

27   introduced evidence to overcome the evidence in the record, including the FTC decision and any

28   other evidence on causation, you may find for Rambus on this issue.]

1       [Rambus contends that its conduct at JEDEC was not a material cause of Hynix, Micron,

2    and Nanya's injuries because there were no alternatives available to JEDEC that were the

3    technological equivalent of the standards at the time that JEDEC adopted the standards at issue

4    here.  Specifically, Rambus contends that the technologies adopted by JEDEC were superior to

5    any available alternative and inevitably would have been adopted as the industry standard based

6    on their superiority regardless of Rambus's omission to disclose its legal claim over the standard.

7    Rambus alleges that the technologies adopted by JEDEC were superior to any available

8    alternatives on a cost-performance basis.  The FTC determined that, in each of the four relevant

9    markets found, there were alternatives available on a cost-performance basis before the standards

10    were adopted at JEDEC.  The FTC's decision on alternative technologies is sufficient evidence on

11    this issue and you may find that there were alternatives available on a cost-performance basis in

12    the relevant market based on the FTC decision.  If Rambus has introduced evidence to overcome

13    the evidence in the record, including the FTC decision on alternative technologies as well as other

14    evidence of available viable alternatives, then you may find for Rambus on this issue.  In reaching

15    your decision, you should be aware that the FTC did not consider the alternatives in the markets

16    for precharge technologies, write latency technologies, and the broader DRAM interface market.

17    Accordingly, the FTC decision is not sufficient evidence, on its own, from which to determine

18    that there were alternatives available in the market for precharge technologies, write latency

19    technologies, and the broader DRAM interface market.]

20

21    **Authorities:**  Adapted from ABA Model Antitrust Jury Instructions (2005), F-2-4.  *See also
Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 114, 89 S.Ct. 1562, 1572 (1969)

22    (in patent antitrust case, Supreme Court reversed Court of Appeals decision on causation, holding
that causation inquiry only requires proof of "some damages flowing from the unlawful

23    conspiracy ... a plaintiff need not exhaust all possible alternative sources of injury in fulfilling his
burden of proving compensable injury."); *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1042 (9th

24    Cir. 1987) (holding that plaintiff's burden on causation in antitrust case does not require
disproving all possible alternative causes, though "defendant may introduce evidence of

25    alternative causes").

26

27

28

4043076.2         - 42 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 13**

The proposed instruction is legally incorrect, vague and misleading because it does not make clear that each plaintiff bears the burden of establishing each relevant element of injury and causation as to itself.

The proposed instruction is legally incorrect, incomplete and misleading because it repeatedly omits crucial portions of the ABA Model Instruction on Injury and Causation. For example, the proposed instruction omits the instruction that, "if you find that plaintiff's injury was caused primarily by something other than the alleged antitrust violation, then you must find that plaintiff has failed to prove that it is entitled to recover damages from defendant." Further, the proposed instruction omits the instruction, "[y]ou should bear in mind that businesses may incur losses for many reasons that the antitrust laws are not designed to prohibit or protect against—such as where a competitor offers better products or services or where a competitor is more efficient and can charge lower prices and still earn a profit." ABA Model Instructions at F-3 & F-4.

The proposed instruction misstates the law with respect to plaintiffs' right to recover fees incurred in defending patent infringement suits.

The last two paragraphs of the proposed instruction are legally incorrect, misleading and prejudicial. There is no basis for instructing the jury with respect to the FTC decision.

4043076.2

- 43 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 14**

2

**Attempted Monopolization – Elements**

3

Hynix, Micron, and Nanya also assert claims against Rambus for Attempted

4

Monopolization.  To prevail on this claim, Hynix, Micron, and Nanya must prove each of the

5

following elements by a preponderance of the evidence:

6

**First**, that Rambus engaged in anticompetitive or exclusionary conduct.

7

**Second**, that Rambus had a specific intent to achieve monopoly power in one or more

8

relevant markets;

9

**Third**, that there was a dangerous probability that Rambus would achieve its goal of

10

acquiring monopoly power in one or more relevant markets;

11

**Fourth**, that Rambus's conduct occurred in or affected interstate commerce; and

12

**Fifth**, that Hynix, Micron, or Nanya were injured in their business or property by

13

Rambus's anticompetitive conduct.

14

15

**Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-84.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 14**

3         The proposed instruction is legally incorrect, vague and misleading because it does not

4    make clear that each plaintiff bears the burden of establishing each relevant element as to itself.

5    In particular, each plaintiff must prove that it was injured in its business or property by Rambus's

6    alleged anticompetitive conduct.

7         The proposed instruction is legally incorrect and misleading because it fails to state that

8    plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive

9    by clear and convincing evidence.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.

10   Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.

11   1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

12        The proposed instruction is incomplete because it fails to instruct the jurors that, if the

13   evidence is insufficient to prove any one or more of the elements, they must find for Rambus on

14   the attempted monopolization claim.

15        Rambus requests that the Court issue Rambus's proposed instruction 32, which adheres

16   closely to the ABA Model Instructions at C-84─C-85.

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 15

### Attempted Monopolization - Anticompetitive or Exclusionary Conduct

3
4
5
6
7
8

To prevail on their Attempted Monopolization claims, Hynix, Micron, and Nanya must first prove that Rambus engaged in anticompetitive acts or exclusionary conduct. It is not sufficient for Hynix, Micron, and Nanya to prove that Rambus intended to monopolize the relevant market or markets. Hynix, Micron, and Nanya must also show that Rambus engaged in anticompetitive acts or exclusionary conduct, coupled with an intent to monopolize, and that there was a dangerous probability that Rambus would succeed.

9

10

**Authority:** Adapted from ABA Model Antitrust Jury Instructions C-88 (exclusionary conduct).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 46 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 15**

3    The proposed instruction is legally incorrect and misleading because it fails to state that

4  plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive

5  by clear and convincing evidence.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.

6  Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.

7  1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

8    The proposed instruction is incomplete because it fails to instruct the jurors that the

9  Court's previous instructions with respect to plantiffs' burden to establish relevant markets and its

10  burden to show that Rambus engaged in anticompetitive conduct apply to the attempted

11  monopolization claim as well.

12    Rambus requests that the Court issue Rambus's proposed instruction 33, which adheres

13  closely to the ABA Model Instructions at C-88.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 47 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 16**

2

**Attempted Monopolization - Relevant Market**

3

To prevail on their Attempted Monopolization claims, Hynix, Micron, and Nanya must

4

also prove the existence of relevant technology and geographic market or markets.  I have already

5

provided you with the instructions on how to determine whether relevant market exist in Jury

6

Instruction Numbers 3, 3(a), and 3(b).

7

For the purposes of an Attempted Monopolization claim, Hynix, Micron, and Nanya need

8

not prove that Rambus actually monopolized these markets.

9

10

**Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-6-22.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 48 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 16**

3

The proposed instruction is redundant, unnecessary and argumentative.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 49 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

### MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 17

### Attempted Monopolization - Specific Intent

3      The second element that Hynix, Micron, and Nanya must prove on their Attempted

4  Monopolization claims is whether Rambus had a specific intent to monopolize one or more

5  relevant market or markets.  If you find that one or more relevant market or markets exist, you

6  should then determine whether or not Rambus had a specific intent to monopolize those markets.

7      There are several ways in which Hynix, Micron, or Nanya may prove that Rambus had the

8  specific intent to monopolize. There may be evidence of direct statements of Rambus's intent to

9  obtain a monopoly in the relevant market or markets.  Such proof of specific intent may be

10  established by documents prepared by responsible officers or employees of Rambus at or about

11  the time of the conduct in question occurred, or by testimony concerning statements made by

12  responsible officers or employees of Rambus.  You must be careful, however, to distinguish

13  between Rambus's intent to compete aggressively, which is lawful, and which may be

14  accompanied by aggressive language, and a true intent to acquire monopoly power by using

15  anticompetitive acts or exclusionary conduct.

16      Even if you decide that the evidence does not directly prove that Rambus intended to

17  obtain a monopoly, you may still infer specific intent from Rambus's conduct.  For example, if

18  you believe that the evidence shows that the natural and probable consequence of Rambus's

19  conduct in the relevant market was to give Rambus control over the amount of royalties it could

20  charge above competitive levels and to exclude or destroy competition, and that this was plainly

21  foreseeable by Rambus, then you may infer that Rambus specifically intended to acquire

22  monopoly power.

23      [The FTC has found that Rambus willfully and intentionally monopolized four relevant

24  technology markets.  The FTC's decision on Rambus's intent is sufficient evidence that Rambus

25  had a specific intent to monopolize those relevant markets and you may find, based on the FTC

26  decision, that Hynix, Micron, and Nanya have met their burden of proving that Rambus

27  specifically intended to monopolize those technology markets].

28  **Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), C-90.

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 17**

3      The proposed instruction is legally incorrect, incomplete and misleading because it fails to

4  instruct the jurors that, if plaintiffs fail to prove that Rambus had a specific intent to monopolize a

5  relevant market, they must find for Rambus on the attempted monopolization claim.  *See* ABA

6  Model Instructions, at C-90 ("If you find that plaintiff fails to prove either [relevant market or

7  specific intent], then you must find for defendant on plaintiff's attempted monopolization claim.")

8      The proposed instruction is legally incorrect, incomplete, vague and misleading because it

9  fails to instruct the jurors that, in determining whether plaintiffs have proven the requisite

10 "specific intent," they must decide "if the evidence shows that [Rambus] acted with the conscious

11 aim of acquiring the power to control prices and to exclude or destroy competition in the relevant

12 market."  *See id.*, at C-90─C-91.

13     The proposed instruction is legally incorrect, incomplete and misleading because it fails to

14 instruct the jurors that, while they "may" infer under certain circumstances that Rambus

15 specifically intended to acquire monopoly power, they are not required to do so.  *See id.*, at C-91

16 ("then you may *(but are not required to)* infer that defendant specifically intended to acquire

17 monopoly power") (emphasized language omitted from proposed instruction by plaintiffs).

18     The last paragraph of the proposed instruction is legally incorrect, misleading and

19 prejudicial.  There is no basis for instructing the jury with respect to the FTC decision.

20     Rambus requests that the Court issue Rambus's proposed instruction 34, which adheres

21 closely to the ABA Model Instructions at C-90─C-91.

22

23

24

25

26

27

28

4043076.2

- 51 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 18**

**Attempted Monopolization - Dangerous Probability of Success**

If you find that Rambus had the specific intent to achieve a monopoly and engaged in significant anticompetitive conduct, you also must determine if the evidence shows whether there was a dangerous probability that Rambus would succeed in achieving monopoly power if it continued to engage in the same or similar conduct.

In determining whether there was a dangerous probability that Rambus would succeed in achieving monopoly power by acquiring the ability to control prices in the market, you should consider the following factors:

**First**, Rambus's market share in the relevant market or markets;

**Second**, the trend in Rambus's market share;

**Third**, whether the barriers to entry into the market or markets made it difficult for competing technologies to enter or be adopted in the market or markets;

**Fourth**, the likely effect of any anticompetitive conduct on Rambus's share of the market or markets.

In Jury Instruction Number 9, I have already provided you with instructions on what you need to consider in order to determine whether each of the above factors are met. Again, the purpose of looking at these factors is to determine whether there was a dangerous probability that Rambus would ultimately acquire monopoly power. A dangerous probability of success need not mean that success was nearly certain, but it does mean that there was a substantial and real likelihood that Rambus would ultimately acquire monopoly power.

**Authority:** Adapted from ABA Model Antitrust Jury Instructions (2005), C-95.

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 18**

3        The proposed instruction is legally incorrect and misleading because it suggests that that

4  the four enumerated factors are the only ones that may be considered.  *See* ABA Model

5  Instructions, at C-95 ("you should consider *such factors as:*"; "these *and other* factors")

6  (emphasized language omitted from proposed instruction by plaintiffs).

7        The proposed instruction is legally incorrect and misleading because it wrongly suggests

8  that the enumerated factors include thresholds that may be "met" in order to establish a dangerous

9  probability of success.

10        Rambus requests that the Court issue Rambus's proposed instruction 35, which adheres

11  closely to the ABA Model Instructions at C-95─C-96.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 53 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 19**

2

**Attempted Monopolization – Interstate Commerce, Causation, and**

3

**Injury to Business or Property**

4

In order to determine whether Hynix, Micron, and Nanya have prevailed on the fourth and

5

fifth elements of their Attempted Monopolization claims, you must determine whether they have

6

demonstrated that Rambus's conduct had an effect on interstate commerce and whether Rambus's

7

conduct has caused Hynix, Micron, and Nanya injury in their business and property.

8

In order to assess the effect on interstate commerce and injury , you are to follow the

9

instructions I have already provided in Jury Instructions Numbers 12 and 13.  Bear in mind,

10

however, that for the purposes of an Attempted Monopolization claim, Hynix, Micron, and Nanya

11

need not prove that Rambus actually monopolized the relevant market or markets.

12

13

**Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005), A-13, F-2.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 19**

3

The proposed instruction is unnecessary, redundant, argumentative, and misleading.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 20**

2

**Civil Judgment**

3        During the trial, you have heard evidence about a civil case brought by the United States

4   Federal Trade Commission in which Rambus was found liable for unlawful monopolization of

5   four relevant technology markets and for engaging in exclusionary conduct through a course of

6   deceptive conduct at JEDEC.  The relevant findings of fact from that case, which describe the

7   conduct for which Rambus was found liable, [will be provided to you by the parties.]

8        The FTC's judgment is proof, on its face, that: (1) Rambus engaged in a course of

9   deceptive conduct at JEDEC; (2) that the deceptive conduct caused JEDEC to adopt four of the

10  technologies over which Rambus now claims ownership; (3) that JEDEC relied upon Rambus's

11  deceptive conduct; (4) that but for Rambus's conduct, JEDEC would have taken a different

12  course of action; and (5) that JEDEC's adoption of four of the technologies over which Rambus

13  now claims ownership caused Rambus to gain monopoly power in the four relevant markets

14  found by the FTC.

15       You may rely upon the FTC's findings to resolve the issues in this case  However, you are

16  ultimately the sole judge of whether Hynix, Micron, and Nanya have proven by a preponderance

17  of the evidence that they are entitled to a verdict in their favor.  In doing so, you must consider all

18  of the evidence presented in this case, including the evidence that Rambus has offered to refute

19  Hynix, Micron, and Nanya's claims and to overcome the FTC decision and other evidence.  If

20  after considering all of the evidence presented by the parties, you conclude that Hynix, Micron,

21  and Nanya have not proven all of the required elements of their claims, then you cannot find

22  Rambus liable in this case.

23

24  **Authority:**  Adapted from ABA Model Antitrust Jury Instructions (2005),  G-26; Section of the
    Antitrust Law ABA, Antitrust Civil Jury Instruction (1972), at 173-74 (opponent of prima facie
25  evidence must "overcome by other evidence" the government decision) (cited in ABA Model
    Instructions, G-28).
26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 20**

3      The proposed instruction is legally incorrect, misleading and prejudicial.  There is no basis

4  for instructing the jury with respect to the FTC decision.

5      The proposed instruction is legally incorrect, misleading and prejudicial because the

6  FTC's judgment is not admissible evidence in this case and does not establish any of the facts

7  enumerated in the instruction.

8      The proposed instruction is legally incorrect and misleading because it fails to state that

9  plaintiffs have the burden of proving that Rambus's conduct was exclusionary or anticompetitive

10  by clear and convincing evidence.  *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1370-72 (Fed.

11  Cir. 2002); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068-73 (Fed. Cir.

12  1998); *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 996 (9th Cir 1979).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 21**

2

**Fraud – Introductory Statement**

3      Hynix, Micron, and Nanya also seek to recover damages from Rambus based upon a

4   claim of fraud.  Conduct may be fraudulent because of an intentional misrepresentation, half-

5   truth, concealment, or a negligent misrepresentation.  Hynix, Micron, and Nanya's fraud claims

6   are based on the theory that Rambus made intentional misrepresentations or misleading

7   statements such as half-truths, and concealed facts.  Micron's fraud claim is also based on the

8   theory that Rambus made negligent misrepresentations.

9

10  **Authority:**  Adapted from BAJI No. 12.30; Order Denying Rambus's Motion for Summary
    Judgment No. 3 on Representations About the Future; Denying Rambus's Motion for Summary
11  Judgment No. 4 on Reliance; and Granting in Part Rambus's Motion for Summary Judgment No.
    5 on Negligent Misrepresentation at 11:16-18.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 21**

3        The proposed instruction's use of the term "such as" is misleading and prejudicial because

4    it suggests there may be other types of misleading statements in addition to "half truths" or

5    "concealed facts."

6        The proposed instruction's reference to the negligent misrepresentation claim is

7    misleading and prejudicial because it does not make clear that this claim is made only by Micron

8    and that the alleged negligent misrepresentation is limited to Rambus's letter withdrawing from

9    JEDEC.  11/26/2007 Order Denying Rambus' Motion for Summary Judgment No. 3 On

10   Representations About the Future; Denying Rambus' Motion for Summary Judgment No. 4 on

11   Reliance; and Granting in Part Rambus' Motion for Summary Judgment No. 5 on Negligent

12   Misrepresentation ("11/26/2007 Order") at 20:17-19.

13        Rambus requests that the Court issue Rambus's proposed instruction 36, which is BAJI

14   12.30.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 22**

2

**Fraud - Intentional Misrepresentation**

3         Hynix, Micron, and Nanya contend that Rambus intentionally made false representations

4    that harmed them.

5         To establish fraud based on intentional misrepresentations made in the JEDEC context,

6    Hynix, Micron, and Nanya must prove all of the following:

7         (1) that Rambus made a representation to JEDEC that an important fact was true;

8         (2) that Rambus's representation was false;

9         (3) that Rambus knew that the representation, taken as a whole, was false when it made it,

10   or that Rambus made the representation recklessly and without regard for its truth;

11        (4) that Rambus intended for JEDEC to rely on the representation;

12        (5) that JEDEC reasonably relied on Rambus's representation;

13        (6) that Hynix, Micron, or Nanya were harmed; and

14        (7) that Rambus's misrepresentation was a substantial factor in causing Hynix, Micron, or

15   Nanya's harm.

16        To establish fraud based on intentional misrepresentations made to Hynix, Micron, or

17   Nanya individually outside of JEDEC, Hynix, Micron, and Nanya must each prove all of the

18   following:

19        (1) that Rambus made a representation to Hynix, Micron, or Nanya that an important fact

20   was true;

21        (2) that Rambus's representation was false;

22        (3) that Rambus knew that the representation, taken as a whole, was false when it made it,

23   or that Rambus made the representation recklessly and without regard for its truth;

24        (4) that Rambus intended for Hynix, Micron, or Nanya to rely on the representation;

25        (5) that Hynix, Micron, or Nanya reasonably relied on Rambus's representation;

26        (6) that Hynix, Micron, or Nanya were harmed; and

27        (7) that Hynix, Micron, or Nanya's reliance on Rambus's representation was a substantial

28   factor in causing their harm.

1

2   **Authority:**  Adapted from CACI No. 1900; *see also Vega v. Jones, Day, Reavis & Pogue*, 121
Cal. App. 4th 282, 291 (2004); Cal. Civ. Code §§ 1709, 1710 (1); Order Denying in Part and

3   Granting in Part Rambus's Motion for Summary Judgment of Breach of Contract and Fraud
Causes of Action and Granting Partial Summary Adjudication of Certain Issues Related to Duty

4   dated July 17, 2006 at 10-15; Order Denying Rambus's Motion for Summary Judgment No. 3 on
Representations About the Future; Denying Rambus's Motion for Summary Judgment No. 4 on

5   Reliance; and Granting in Part Rambus's Motion for Summary Judgment No. 5 on Negligent
Misrepresentation at 11:16-18.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 22**

3        The proposed instruction is legally incorrect, misleading and prejudicial in stating that a

4   claim for misrepresentation may be based on representations made to, or relied upon by, JEDEC,

5   as opposed to the individual Manufacturer asserting the claim.

6        The proposed instruction is misleading and prejudicial because it does not make clear that

7   each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written,

8   the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a

9   representation was made to one of the <u>other</u> Manufacturers, or that one of the <u>other</u> Manufacturers

10  relied on the representation.

11       The proposed instruction is misleading and prejudicial because each of its references to a

12  "representation, <u>taken as a whole</u>," does not require a finding as to a specific representation.

13       The proposed instruction is legally incorrect, misleading and prejudicial because each of

14  its references to the individual plaintiff's reliance does not make clear that the plaintiff's reliance

15  must have been <u>justifiable</u>.

16       Rambus requests that the Court issue Rambus's proposed instruction 37, which is BAJI

17  12.31.

18

19

20

21

22

23

24

25

26

27

28

4043076.2

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 23**

2

**Intentional Fraud - Concealment**

3       Hynix, Micron, and Nanya also contend that they were harmed because Rambus

4   concealed certain information from JEDEC and/or that Rambus concealed certain information

5   from Hynix, Micron, or Nanya, individually.

6       To establish intentional fraud based on concealment occurring within the JEDEC context,

7   Hynix, Micron, and Nanya must prove all of the following:

8           (1) that Rambus uttered a half-truth by disclosing some facts to JEDEC but failing to

9   disclose other important facts, making the disclosure deceptive; or that Rambus intentionally

10  failed to disclose an important fact that was known only to Rambus and that JEDEC could not

11  have discovered; or that Rambus actively concealed an important fact from JEDEC or prevented

12  it from discovering the fact;

13          (2) that JEDEC did not know of the concealed fact;

14          (3) that Rambus intended to deceive JEDEC by concealing the fact;

15          (4) that JEDEC reasonably relied on Rambus' deception of JEDEC;

16          (5) that Hynix, Micron, and Nanya were harmed; and

17          (6) that Rambus's concealment was a substantial factor in causing Hynix, Micron, and

18  Nanya's harm.

19      To establish intentional fraud based on concealment occurring outside of JEDEC, Hynix,

20  Micron, and Nanya must each prove all of the following:

21          (1) that Rambus uttered a half-truth by disclosing some facts to Hynix, Micron, or Nanya

22  but failing to disclose other important facts, making the disclosure deceptive; or that Rambus

23  intentionally failed to disclose an important fact that was known only to Rambus and that Hynix,

24  Micron, or Nanya could not have discovered; or that Rambus actively concealed an important fact

25  from Hynix, Micron, or Nanya or prevented them from discovering the fact;

26          (2) that Hynix, Micron, or Nanya did not know of the concealed fact;

27          (3) that Rambus intended to deceive Hynix, Micron, or Nanya by concealing the fact;

28          (4) that Hynix, Micron, or Nanya reasonably relied on Rambus' deception;

1          (5) that Hynix, Micron, and Nanya were harmed; and

2          (6) that Rambus's concealment was a substantial factor in causing Hynix, Micron, or

3     Nanya's harm.

4          Intentional concealment may exist even when a party is under no duty to speak, but

5     nevertheless does so, but does not speak honestly, makes misleading statements, or suppresses

6     facts which materially qualify those stated.

7

8     **Authority:**   Adapted from CACI No. 1901 and BAJI No. 12.37; Order Denying in Part and
      Granting in Part Rambus's Motion for Summary Judgment of Breach of Contract and Fraud
9     Causes of Action and Granting Partial Summary Adjudication of Certain Issues Related to Duty
      dated July 17, 2006 at 10-15; Order Denying Rambus's Motion for Summary Judgment No. 3 on
10    Representations About the Future; Denying Rambus's Motion for Summary Judgment No. 4 on
      Reliance; and Granting in Part Rambus's Motion for Summary Judgment No. 5 on Negligent
11    Misrepresentation at 11:16-18.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 23**

3       The proposed instruction is legally incorrect, misleading and prejudicial in stating that a

4   claim for concealment may be based on non-disclosures to, or reliance by JEDEC, as opposed to

5   the individual Manufacturer asserting the claim.

6       The proposed instruction is misleading and prejudicial because it does not make clear that

7   each Manufacturer bears the burden of establishing the relevant elements as to itself.  As written,

8   the instruction provides that a Manufacturer can prove its claim by showing, *e.g.*, that a fact was

9   disclosed to one of the <u>other</u> Manufacturers, or that one of the <u>other</u> Manufacturers relied on the

10  representation.

11      The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

12  state that Rambus had to be under an affirmative duty to disclose the relevant fact.  Cal. Civil

13  Code § 1710; 7/17/06 Order at 11:8-9.

14      The proposed instruction is legally incorrect, misleading and prejudicial in omitting to

15  state that the Manufacturer making the claim must show that it would not have acted as it did if it

16  had known of the concealed fact.

17      Rambus requests that the Court issue Rambus's proposed instruction 38, which is BAJI

18  12.35.

19      Rambus requests that the Court use Rambus's proposed instruction 42, which is BAJI

20  12.37, as a stand-alone instruction in place of the last paragraph of the Manufacturers' proposed

21  instruction 25.  As it appears at the end of this proposed instruction, the final paragraph is vague

22  and confusing because it does not make clear the limited circumstances in which a party with no

23  independent duty to speak nevertheless obligates itself to speak.

24

25

26

27

28

4043076.2

- 65 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 24**

**Negligent Misrepresentation**

Micron also asserts that it was harmed because Rambus negligently misrepresented an important fact to JEDEC.  To establish this claim, Micron must prove all of the following:

(1) that Rambus represented to JEDEC that an important fact was true;

(2) that Rambus's representation was not true;

(3) that Rambus had no reasonable grounds for believing the representation was true when it made it;

(4) that Rambus intended that Micron rely on this representation;

(5) that Micron reasonably relied on Rambus's representation;

(6) that Micron was harmed; and

(7) that Micron's reliance on Rambus's representation was a substantial factor in causing it harm.

**Authority:**  CACI No. 1903.

1       **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2                                **INSTRUCTION NO. 24**

3        The proposed instruction is legally incorrect, misleading and prejudicial in stating that

4 Micron's claim for negligent misrepresentation may be based on a misrepresentation to JEDEC,

5 as opposed to Micron.

6        The proposed instruction is legally incorrect, misleading and prejudicial because it does

7 not make clear that this claim is made only by Micron and that the alleged negligent

8 misrepresentation is limited to Rambus's letter withdrawing from JEDEC.  11/26/07 Order at

9 20:17-19.

10        The proposed instruction is legally incorrect, misleading and prejudicial because it does

11 not state that Micron had to be unaware of the falsity of the representation.

12        The proposed instruction misstates the elements of the claim because it does not make

13 clear that the Micron's reliance must have been <u>justifiable</u>.

14        Rambus requests that the Court issue Rambus's proposed instruction 39, which is BAJI

15 12.45.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 25**

2

**Definition of Important Fact**

3

A fact is important if it would influence a reasonable person's judgment or conduct.  A

4

fact is also important if the person who represents it knows that the person or entity to whom the

5

representation is made is likely to be influenced by it even if a reasonable person would not.

6

7

**Authority:**  CACI No. 1905.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 68 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 25**

The BAJI instructions use the term "material," rather than "important."  Rambus requests that the Court replace the word "important" with "material" in this instruction.

4043076.2

- 69 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 26**

2

**Opinions as Statements of Fact**

3

Ordinarily, an opinion is not considered a representation of fact.  An opinion is a person's

4

belief that a fact exists, a statement regarding a future event, or a judgment about quality, value,

5

authenticity, or similar matters.  Rambus's opinion is considered a representation of fact if Hynix,

6

Micron, or Nanya prove that Rambus made a representation, not as a casual expression of belief,

7

but in a way that declared the matter to be true; or that Rambus had a relationship of trust and

8

confidence with Hynix, Micron, or Nanya, or with JEDEC; or that Rambus had some other

9

special reason to expect that JEDEC, or Hynix, Micron, or Nanya, would rely on its opinion.

10

11

**Authority:**  CACI No. 1904.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 70 -

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 26**

The proposed instruction is legally incorrect, misleading and prejudicial in stating that Rambus's opinion is considered a factual representation if "Rambus had a relationship of trust and confidence with Hynix, Micron, or Nanya, or with JEDEC."  The Court has held that the Manufacturers' fraud claims do not arise out of "a relationship of trust or confidence."  11/26/07 Order at 15:10-11.

The proposed instruction is legally incorrect, misleading and prejudicial because the only exception applicable in this case to the general rule that statements of opinion are not actionable is for one party to hold itself out as possessing superior knowledge or special information and the other party to be so situated as to make reasonable its reliance upon such superior knowledge or special information.  11/26/07 Order at 15:5-16:9.

The proposed instruction is legally incorrect, misleading and prejudicial in stating that each Manufacturer can establish an actionable representation of fact based on statements to one of the other Manufacturers, or to JEDEC.

Rambus requests that the Court issue Rambus's proposed instruction 40, which is BAJI 12.32.

4043076.2

1

## MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 27

2

### Duty to Disclose - Generally

3        Ordinarily a person is not under a duty to disclose information to others.  However, if a

4   person chooses to speak, then that person has a duty to tell the whole truth.  One who is asked for

5   information, or who volunteers information, must be truthful, and the telling of a half-truth

6   calculated to deceive is fraud.

7        A duty to disclose known facts also arises where one person knows of important facts and

8   also knows that those facts are neither known nor readily accessible to the other person.

9        Additionally, a person has a duty to correct any prior statements that were or have become

10  false or misleading before the other person changes his position in reliance on the representation.

11  For example, a person must disclose that his prior statement was false or misleading if the

12  representation was true when made but became false through subsequent events or even if the

13  person made the statement believing it to be true but later discovers that it was actually false.

14

15  Authority:      BAJI 12.36; *City and County of San Francisco v. Philip Morris, Inc.*, No. C-96-
    2090 DLJ, 1998 U.S. Dist. LEXIS 3071 (N.D. Cal. 1998); *Cicone v. URS Corp.*, 183 Cal. App.
16  3d 194, 201 (Cal. Ct. App. 1986); Order Denying in Part and Granting in Part Rambus's Motion
    for Summary Judgment of Breach of Contract and Fraud Causes of Action and Granting Partial
17  Summary Adjudication of Certain Issues Related to Duty dated July 17, 2006, at 10-15; Order
    Denying Rambus's Motion for Summary Judgment No. 3 on Representations About the Future;
18  Denying Rambus's Motion for Summary Judgment No. 4 on Reliance; and Granting in Part
    Rambus's Motion for Summary Judgment No. 5 on Negligent Misrepresentation at 11:16-18;
19  *Stevens v. Marco*, 147 Cal. App. 2d 357, 379-80 (1956).

20

21

22

23

24

25

26

27

28

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY
INSTRUCTION NO. 27**

3

4

5

6

7

The proposed instruction is legally incorrect, misleading and prejudicial in stating that a
duty to disclose may arise when one person knows important facts and also knows the facts are
neither known nor readily accessible to the other person, without specifying that the parties have
to be in the type of relationship that gives rise to a duty to disclose such facts. *LiMandri v.
Judkins*, 52 Cal. App. 4th 326, 336-37 (1997).

8

9

10

11

12

13

The proposed instruction also is legally incorrect, misleading and prejudicial in stating
that a person has a duty to correct prior statements absent an independent duty to do so. *Id.*
There is no free-floating duty for a party to correct prior statements made to another party, and
none of the cases the Manufacturers cite holds there is such a duty. *Stevens v. Marco*, 147 Cal.
App. 2d 357 (1956), is inapposite, because the parties were in a fiduciary (lawyer-client) and joint
venturer relationship. *Id.* at 374-76.

14

15

Rambus requests that the Court issue Rambus's proposed instructions 41 and 42, which
are BAJI 12.36 and 12.37.

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 73 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 28**

**Duty to Disclose - JEDEC**

3        Hynix, Micron, and Nanya allege in this case that Rambus had a duty to fully disclose

4   certain information pertaining to its intellectual property, such as the existence of certain patents

5   and patent applications, while Rambus was a member of JEDEC.  In evaluating whether Rambus

6   had a duty to disclose information pertaining to its intellectual property while a member in

7   JEDEC, you may consider JEDEC's rules and the parties' reasonable expectations relating to

8   those rules.

9        The rules of an organization like JEDEC must be interpreted so as to give effect to the

10  mutual intention of JEDEC and its members.  In order to determine intent, you should consider

11  any evidence pertaining to the written language of the rules, the express expectations of the

12  JEDEC members or participants, and the actions of the JEDEC members.

13       The conduct of JEDEC's members following their entry into a voluntary organization like

14  JEDEC but before any controversy has arisen as to the effect of JEDEC's rules is sometimes

15  referred to as the parties' practical construction of the rules, and may provide the most reliable

16  evidence of the meaning of the rules.  You should consider the evidence, if any, of the parties'

17  practical construction of the JEDEC rules in determining the meaning and effect of those rules.

18

19  **Authority:**  Cal. Civil Code § 1636; Opinion of the Federal Trade Commission in In the Matter
    of Rambus, Inc., Docket No. 9302 at 51-59 (Aug. 2, 2006); *Oceanside 84, Ltd. v. Fid. Fed. Bank*,
20  56 Cal. App. 4th 1441, 1449 (1997); *Stevenson v. Oceanic Bank*, 223 Cal. App. 3d 306, 316
    (1990); *Crestview Cemetery Ass'n v. Dieden*, 54 Cal. 2d 744 (1960); CACI No. 318 (modified);
21  Warner Constr. Corp. v. City of Los Angeles, 2 Cal.3d 285, 296-97 (1970); *Crestview Cemetery
    Ass'n v. Dieden*, 54 Cal.2d 744, 754 (1960); *Hernandez v. Badger Constr. Equip. Co.*, 28
22  Cal.App.4th 1791, 1814 (1994); *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 389-90
    (1991); <u>Vogel v. Bankers Bldg. Corp.</u>, 112 Cal. App. 2d 160, 166 (1952).

23

24

25

26

27

28

4043076.2

**- 74 -**

1

## RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY

2

## INSTRUCTION NO. 28

3        The proposed instruction is entirely improper because it constitutes attorney argument, not

4   instructions about the legal standards applicable to plaintiffs' claims.

5        The proposed instruction is legally incorrect, misleading and prejudicial because it

6   instructs that a disclosure obligation may have arisen through principles of contractual assent

7   between Rambus and JEDEC.  This Court already has held that "[t]he alleged agreement between

8   JEDEC and Rambus or JEDEC members and Rambus was not definite enough to make clear to

9   Rambus what disclosures it was required to make, if any[,]" and "Rambus's membership in

10  JEDEC did not, as a matter of law, create a contract between JEDEC and Rambus or JEDEC

11  members and Rambus.  7/17/06 Order at 10:2-3, 11-12.  *See also Rambus Inc. v. Infineon Techs.*

12  *AG*, 318 F.3d 1081, 1102 (Fed. Cir. 2003).  ("There is a staggering lack of defining details in the

13  EIA/JEDEC patent policy.   When direct competitors participate in an open standards committee,

14  their work necessitates a written patent policy with clear guidance on the committee's intellectual

15  property position.   A policy that does not define clearly what, when, how, and to whom the

16  members must disclose does not provide a firm basis for the disclosure duty necessary for a fraud

17  verdict.").  In addition, the proposed instruction is legally incorrect, misleading and prejudicial

18  because it instructs the jury it may find actionable disclosure obligations based upon "vaguely

19  defined expectations as to what [JEDEC members] believe the [JEDEC] policy requires--whether

20  the policy in fact so requires or not." *Rambus*, 318 F.3d at 1102.  *See also id*. at n.10 (criticizing

21  the consequences of "after-the-fact morphing of a vague, loosely defined policy to capture actions

22  not within the actual scope of that policy").

23        The instruction is misleading and prejudicial because it does not make it clear that, if there

24  was any duty of disclosure imposed on JEDEC members, that duty did not require a JEDEC

25  member to disclose its beliefs about its patent applications, its intentions to file or amend its

26  patent applications, or its hopes about what its patents would ultimately cover; or that, if there

27  was any duty of disclosure imposed on JEDEC members, that duty ended once a member

28  formally withdrew from JEDEC.  7/17/06 Order at 17:18-19, 26-27.

1       Rambus requests that the Court issue Rambus's proposed instructions 25-28.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 76 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 29**

2

**Duty to Disclose – Confidential Relationship (Hynix Only)**

3

Hynix also alleges in this case that Rambus is liable for intentional fraud because Rambus

4

failed to disclose certain information pertaining to its patents and patent applications in the course

5

of its licensing negotiations with Hynix.  A duty to disclose known facts arises where the party

6

having knowledge of the facts is in a confidential relationship with the other party.  A

7

"confidential relationship" refers to a relationship between parties in which one surrenders to the

8

other some degree of control because of the trust and confidence which he reposes in the other.

9

To establish a confidential relationship, Hynix must show that Hynix's relationship with Rambus

10

put Hynix in a position of vulnerability to Rambus by agreeing to the Other DRAM clause in the

11

licensing agreement, that Rambus solicited or accepted this power, and that because of that

12

provision in the licensing agreement, Hynix was unable to effectively protect its interests.  When

13

a confidential relationship is found to exist, the one in whom confidence was reposed may be held

14

to a higher standard of disclosure and fairness than in an arm's length relationship.

15

16
17
18
19

**Authority:**  BAJI 12.36 (modified); *Richelle L. v. Roman Catholic Archbishop of San Francisco*, 106 Cal. App. 4th 257 (2003); *Herbert v. Lankershim*, 9 Cal. 2d 409, 483 (1937); *Stevens v. Marco*, 147 Cal. App. 2d 357, 374 (1956); *Bolander v. Thompson*, 57 Cal. App. 2d 444, 447 (1943); *Robbins v. Law*, 48 Cal. App. 555, 561 (1920); *Bacon v. Soule*, 19 Cal. App. 428, 434 (1912); 37 Am. Jur. 2d § 34 (citing *Stevens v. Marco*, 147 Cal. App. 2d 357 (1956)); *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066 (1997); *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986); 4 Witkin, Summary of California Law, Torts §§ 459 (8th ed. 1974).

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 29**

3        The proposed instruction is entirely improper because it constitutes attorney argument, not

4    instructions about the legal standards applicable to plaintiffs' claims.

5        The proposed instruction is legally incorrect, misleading and prejudicial because it states

6    that a trust relationship, creating heightened disclosure obligations, could have existed between

7    Rambus and Hynix by virtue of contractual negotiations.  As the Court already has determined,

8    Rambus and Hynix were not in a confidential or fiduciary relationship.  7/17/06 Order at 15:1-27.

9    In addition, "[t]here is no obligation to deal fairly or in good faith absent an existing contract."

10    *Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 30**

2

**Reliance - Misrepresentation Made to Other Persons or Entities**

3      Rambus is responsible for a representation, half-truth, or concealment that was not made

4 directly to Hynix, Micron, or Nanya if Rambus made the representation to, or concealed a fact

5 from another person or entity, intending or reasonably expecting that the false impression made

6 by the deceptive conduct would be repeated to Hynix, Micron, or Nanya.

7      It is not necessary for misrepresentations, half-truths, or omissions made in the JEDEC

8 context to have been directly communicated to Hynix, Micron, or Nanya.  Rambus may be liable

9 for fraud if:

10      (1)      Rambus made misrepresentations or stated half-truths to JEDEC or failed to

11 disclose to JEDEC information it should have disclosed;

12      (2)      Rambus made the misrepresentations or half-truths or concealed the information

13 with the intent or reasonable expectation that it would be repeated or would affect the JEDEC

14 standardization process;

15      (3)      the JEDEC standards ultimately adopted were materially influenced by the

16 substance of those misrepresentations, half-truths, or omissions; and

17      (4)      Hynix, Micron, or Nanya relied on the JEDEC standards that reflected the

18 misrepresentations, half-truths, or omissions and sustained damages as a result.

19

20   **Authority:**  Adapted from CACI No. 1906; Restatement of Torts (Second) § 533 cmt. f (1977);
     *Comm. on Children's TV v. General Foods Corp.* (1983) 35 Cal. 3d 197, 218-19; *Gawara v. U.S.*
21   *Brass Corp.*, 63 Cal.App.4th 1341, 1359 (1998); *Mirkin v. Wasserman* (1993) 5 Cal. 4th 1082,
     1111-114 (Kennard, J. dissenting), *Learjet Corp. v. Spenlinhauer*, 901 F.2d 198, 201 (1st Cir.
22   1990); Restatement of Torts (Second) § 552.

23

24

25

26

27

28

4043076.2

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2

**INSTRUCTION NO. 30**

3        The proposed Instruction is in error because it does not require each Manufacturer to

4  establish that the terms of the alleged misrepresentation were repeated to it or the substance

5  communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin v. Wasserman*, 5 Cal. 4th 1082,

6  1095-97 (1993).

7        Item 2 is in error because it does not require that Rambus intend that the alleged

8  misrepresentation be repeated and instead incorrectly premises liability on an intention to "affect

9  the JEDEC standardization process."  Restatement of Torts (Second) § 533.

10        Item 3 is in error because it does not require that the JEDEC standards convey the terms or

11  the substance of the alleged misrepresentation, only that those standards "were materially

12  influenced by the substance" of the alleged misrepresentation.  11/26/2007 Order at 13, 13 n. 4;

13  *Mirkin*, 5 Cal. 4th at 1095-97.

14        Item 4 is in error because it states that reliance can be based on "the JEDEC standards that

15  reflected the misrepresentations, half-truths, or omissions" whereas to establish reliance, each

16  Manufacturer must demonstrate that the terms of the alleged misrepresentation were repeated to it

17  or its substance communicated to it.  11/26/2007 Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-

18  97.

19        In addition, the proposed instruction is legally incorrect in that its use of "or" between the

20  Manufacturers' names ("Hynix, Micron, or Nanya") suggests that only one of the Manufacturers

21  need establish reliance for Rambus to be liable to all of the Manufacturers.  The law requires each

22  Manufacturer to demonstrate reliance as to itself.  11/26/2007 Order at 13 n. 4.

23

24

25

26

27

28

4043076.2

- 80 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 31**

2

**Industry Standards That Embody the Substance of a**

3

**Misrepresentation or Improper Omission**

4

Where fraud is based on deceptive conduct directed at standard setting organizations that

5

establish industry standards, reliance can also be proven by evidence that a party acted in

6

reasonable reliance on those standards.  In order to prove such reliance, Hynix, Micron and

7

Nanya must prove:

8

(1)     Rambus made misrepresentations to JEDEC or concealed information it should

9

have disclosed to JEDEC with the intent that JEDEC would act based on those misrepresentations

10

or concealments;

11

(2)     the JEDEC standards ultimately adopted reflect or express the effect of the

12

substance of those misrepresentations or omissions; and

13

(3)     that Hynix, Micron, or Nanya relied on the JEDEC standards that reflect or express

14

the effect the substance of Rambus's misrepresentations or omissions and sustained damages as a

15

result.

16

17

**Authority:**   Restatement of Torts (Second) § 533 cmt. f (1977); *Comm. on Children's TV v. General Foods Corp.* (1983) 35 Cal. 3d 197, 218-19; *Gawara v. U.S. Brass Corp.*, 63 Cal.App.4th 1341, 1359 (1998); *Mirkin v. Wasserman* (1993) 5 Cal. 4th 1082, 1111-114 (Kennard, J. dissenting), *Learjet Corp. v. Spenlinhauer*, 901 F.2d 198, 201 (1st Cir. 1990).

18

19

20

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 31**

3      The proposed Instruction is in error because it allows reliance on something that merely

4  "reflects" a misrepresentation or "expresses the substance" of the misrepresentation whereas to

5  establish reliance, each Manufacturer must demonstrate that the terms of the alleged

6  misrepresentation were repeated to it or the substance communicated to it.  11/26/2007 Order at

7  13, 13 n.4; *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095-97 (1993).

8      Item 1 is in error because it does not require that Rambus intend that the alleged

9  misrepresentation be repeated and instead incorrectly premises liability on an "intent that JEDEC

10  act based on the misrepresentations or concealments."  Restatement of Torts (Second) § 533.

11      Item 2 is in error because it does not require that the JEDEC standards convey the terms or

12  the substance of the alleged misrepresentation, only that those standards "reflect" the

13  misrepresentation or "express the effect of the substance" of the misrepresentations.  11/26/2007

14  Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-97.

15      Item 3 is in error because it states that the Manufacturers can establish reliance on

16  something that merely "reflect[s] or express[es] the substance of Rambus's alleged"

17  misrepresentations whereas to establish reliance, each Manufacturer must demonstrate that the

18  terms of the alleged misrepresentation were repeated to it or its substance communicated to it.

19  11/26/2007 Order at 13, 13 n.4; *Mirkin*, 5 Cal. 4th at 1095-97.

20      In addition, the proposed instruction is legally incorrect in that its use of "or" between the

21  Manufacturers' names ("Hynix, Micron, or Nanya") suggests that only one of the Manufacturers

22  need establish reliance for Rambus to be liable to all of the Manufacturers.  The law requires each

23  Manufacturer to demonstrate reliance as to itself.  11/26/2007 Order at 13 n. 4.

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 32**

**Reliance**

Hynix, Micron, and Nanya relied on Rambus's misrepresentations, half-truths, or concealment if it caused them to take certain actions that they would not have taken had such misrepresentations, half-truths, or concealment not occurred.

It is not necessary for a misrepresentation, half-truth, or concealment to be the only reason for Hynix, Micron, or Nanya's conduct or actions.  It is enough if a misrepresentation, half-truth, or concealment substantially influenced Hynix, Micron, or Nanya's conduct or actions.

**Authority:** CACI No. 1907.

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 32**

3

4

5

The proposed instruction is misleading and prejudicial because it does not expressly require each Manufacturer to establish reliance based upon its <u>own</u> actions, rather than the actions of one of the other Manufacturers.

6

7

Rambus requests that the Court issue Rambus's proposed instruction 45, which is BAJI 12.51.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 84 -

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 33**

2

**Reasonable Reliance**

3

    You must determine the reasonableness of Hynix, Micron, and Nanya's reliance by taking

4

into account the knowledge and experience of each entity.

5

6

**Authority:**  CACI No. 1908.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 33**

3        The proposed instruction is misleading and prejudicial because it does not instruct the jury

4    that a plaintiff cannot recover unless its reliance is <u>justifiable</u>.

5        Rambus requests that the Court issue Rambus's proposed instruction 46, which is BAJI

6    12.52.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 34**

**Fraud and Deceit – Damages – Out of Pocket Rule**

If you find that Hynix, Micron and Nanya are entitled to a verdict against Rambus for fraud, you must decide how much money will reasonably compensate Hynix, Micron and Nanya for their harm.  This compensation is called "damages."

The amount of damages must include an award for all harm that Rambus was a substantial factor in causing, even if that particular harm could not have been anticipated.

Hynix, Micron and Nanya must prove the amount of their damages.  However, Hynix, Micron, and Nanya do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

To determine the amount of damages here, Hynix, Micron, and Nanya may recover amounts reasonably spent in reliance on Rambus's intentional misrepresentations, half-truths or concealment if those amounts would not otherwise have been spent. If you find Rambus liable for fraud, but find that Hynix, Micron, or Nanya cannot prove the actual amount of damages, you must still award nominal damages, in the amount of one dollar.

**Authority:**   Adapted from CACI 1923, BAJI 12.56, and Ninth Circuit Model Instruction 5.6; 11/4/07 Order Granting in Part and Denying in Part Rambus's Motion to Strike Jury Demands at 23:16-18 (citing *Oates v. Glover*, 154 So. 786, 787 (Ala. 1934); *McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1163 (Cal. Ct. App. 1994); and *Sterling Drug v. Benatar*, 99 Cal. App. 2d 393, 400 (Cal Ct. App. 1950)).

1  **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2  **INSTRUCTION NO. 34**

3        The instruction is misleading and prejudicial because it does not require each

4  Manufacturer to establish its <u>own</u> damages, as opposed to damages to one of the other

5  Manufacturers.

6        The instruction is legally incorrect, misleading and prejudicial because it instructs the jury

7  that it must award nominal damages to any Manufacturer that cannot prove its actual damages.

8  The jury may award nominal damages <u>only</u> if it finds that the Manufacturer in question has

9  proved that actual damages occurred.  11/04/07 Order Granting in Part and Denying in Part

10  Rambus' Motion to Strike Jury Demands ("11/04/07 Order") at 23:15-16.  The Manufacturers

11  cannot prove they suffered any actual damages other than their payment of attorneys' fees, which

12  are not damages on a fraud claim.  *Id*. at 21:20-23:9.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 35**

2

**Breach of Contract**

3        Micron has stated a claim that Rambus breached its contract with JEDEC. To prevail on

4   its claim for breach of contract, Micron must prove all of the following:

5        (1) that Rambus and JEDEC entered into a contract that required its members to disclose

6   patents and patent applications involved in JEDEC work;

7        (2) that JEDEC did all, or substantially all, of the significant things that the contract

8   required it to do;

9        (3) that Rambus breached the contract by failing to disclose patent and/or patent

10  applications owned by it that related to the work of JEDEC; and

11        (4) that Micron was harmed by Rambus's breach of the contract.

12

13  **Authority:** Adapted from CACI Nos. 300, 303.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 35**

3

4

The Court has ruled that Micron's contract claim will not be tried by the jury.  There is no basis for this instruction to be given to the jury.  11/04/07 Order at 26:21-22.

5

6

7

8

9

10

11

In addition, the instruction is legally incorrect, misleading and prejudicial because it instructs that Micron may recover on a claim for a breach of contract between Rambus and JEDEC, rather than between Rambus and Micron.  Also, as the Court has held, "[t]he alleged agreement between JEDEC and Rambus or JEDEC members and Rambus was not definite enough to make clear to Rambus what disclosures it was required to make, if any[,]" and "Rambus's membership in JEDEC did not, as a matter of law, create a contract between JEDEC and Rambus or JEDEC members and Rambus.  7/17/06 Order at 10:2-3, 11-12.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 90 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 36**

**Breach of Contract – Contract Formation**

To prove that a contract was created between JEDEC and Rambus, Micron must prove all of the following:

(1) that the contract terms were clear enough that Rambus and JEDEC could understand what each was required to do;

(2) that Rambus and JEDEC agreed to give each other something of value; and

(3) that, under the circumstances, a reasonable person would conclude, from the words and conduct of Rambus and JEDEC, that Rambus and JEDEC agreed to the terms of the contract.

When examining whether the parties agreed to the terms of the contract, you may not consider the hidden intentions of Rambus in joining JEDEC, only the outward expressions that Rambus made to JEDEC members.

The bylaws, constitution and rules of JEDEC can provide the terms of the contract between JEDEC and Rambus. The conduct of JEDEC, Rambus or other JEDEC members under the contract can establish the clear meaning of any contract terms provided in JEDEC documents.

**Authority:** Adapted from CACI Nos. 302 and 318. *See also Am. Soc. of Composers, Authors and Publishers v. Superior Court*, 207 Cal. App. 2d 676, 689 (1962) (membership in voluntary organization can result in contract with terms defined by organization's governing documents).

4043076.2

- 91 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 36**

3          The Court has ruled that Micron's contract claim will not be tried by the jury.  There is no

4    basis for this instruction to be given to the jury.  11/04/07 Order at 26:21-22.

5          In addition, the instruction is legally incorrect, misleading and prejudicial because it

6    instructs that Micron may recover on a claim for a breach of contract between Rambus and

7    <u>JEDEC</u>, rather than between Rambus and Micron.  Also, as the Court has held, "[t]he alleged

8    agreement between JEDEC and Rambus or JEDEC members and Rambus was not definite

9    enough to make clear to Rambus what disclosures it was required to make, if any[,]" and

10    "Rambus's membership in JEDEC did not, as a matter of law, create a contract between JEDEC

11    and Rambus or JEDEC members and Rambus.  7/17/06 Order at 10:2-3, 11-12.

12          The instruction also is legally incorrect, misleading and prejudicial because it instructs the

13    jury to determine whether "a reasonable person would conclude" that there was an agreement

14    between the parties, rather than the relevant question whether the parties <u>in fact</u> "agreed to the

15    terms of the contract."  CACI 302 (upon which the Manufacturers have based this instruction).

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 37**

**Breach of Contract – Third Party Beneficiary**

If Micron can establish that Rambus breached its contract with Rambus, Micron may be entitled to damages as an intended beneficiary of the contract between Rambus and JEDEC.  It is not necessary that the contract identify or refer to Micron by name.  Micron may recover if it can show that it was one of a class of persons for whose benefit the contract was made.

**Authority:**  Adapted from CACI No. 301 and BAJI No. 10.59.

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2    **INSTRUCTION NO. 37**

3    The Court has ruled that Micron's contract claim will not be tried by the jury.  There is no

4    basis for this instruction to be given to the jury.  11/04/07 Order at 26:21-22.

5    The instruction also is misleading and confusing, because it refers to whether "Rambus

6    breached its contract with Rambus."

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 38**

**Breach of Contract – Damages**

If you find that Micron has proven its claim against Rambus for breach of contract, you must also decide the damages to be awarded, or how much money will reasonably compensate Micron for the harm caused by the breach.  This compensation is called damages.  The purpose of such damages is to put Micron in as good a position as it would have been in had Rambus not breached the contract.

To recover damages for any harm, Micron must prove:

(1)     that the harm was likely to arise in the ordinary course of events from the breach of the contract;

(2)     that when the contract was made, the parties to the contract could have reasonably foreseen the harm as the probable result of the breach.

If you find that Rambus breached the contract but also that Micron was harmed by the breach in a dollar amount that cannot be calculated or determined with certainty, you may award Micron nominal damages of one dollar.

**Authority:**  Adapted from CACI Nos. 350 and 360.

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 38**

3    The Court has ruled that Micron's contract claim will not be tried by the jury. There is no

4    basis for this instruction to be given to the jury. 11/04/07 Order at 26:21-22.

5    The instruction is legally incorrect, misleading and prejudicial because it instructs the jury

6    that it must award nominal damages to Micron if it cannot calculate or determine its damages

7    with certainty. Micron cannot prove that it suffered any actual damages other than its payment of

8    attorneys' fees, which are not compensable as damages on a contract claim. *Id*. at 26:12-20.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 96 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 39**

2

**Equitable Estoppel**

3

**[ADVISORY]**

4      Hynix, Micron, and Nanya have asserted an affirmative defense of equitable estoppel to

5  the patent claims that Rambus has brought against them.  Estoppel means barring or preventing

6  someone from taking a position that is inconsistent with an earlier position where doing so would

7  be prejudicial and unfair to the other party.  In order to bar Rambus's patent claims by reason of

8  equitable estoppel, Hynix, Micron, and Nanya must establish the following three elements by a

9  preponderance of the evidence:

10      (1) that Rambus engaged in misleading conduct;

11      (2) that Hynix, Micron, and Nanya relied on Rambus's conduct; and

12      (3) that Hynix, Micron, and Nanya will be materially prejudiced if Rambus is allowed to

13  proceed with its patent claims.

14      The first element concerns the statements or conduct of Rambus.  To demonstrate that

15  Rambus engaged in misleading conduct, Hynix, Micron, and Nanya must show that Rambus

16  communicated something in a misleading way.  The "something" that is communicated is

17  generally that the accused patent infringer will not be disturbed by the patentee in the activities in

18  which the accused infringer is engaged.  The conduct or misleading communication may consist

19  of words, actions, inaction, or silence.  The misleading communication may also consist of

20  inaction or silence where the inaction or silence is combined with other facts that give rise to the

21  inference that the silence or inaction was misleading.  For example, you may consider whether

22  Rambus failed to identify certain patents or patent applications while a member of JEDEC, and

23  then attempted to assert those patents after certain technologies had been adopted by JEDEC as

24  the industry standards.[4]

25

26

---

27  [4]  *Potter Instrument Co. v. Storage Tech. Corp.*, 1980 WL 30330 (E.D. Va. 1980), *aff'd* 641 F.2d
190 (4th Cir. 1981), *cert. denied*, 454 U.S. 832 (1981); *Stambler v. Diebold, Inc.*, 11 U.S.P.Q.2d

28  1709, 1714-15 (E.D.N.Y. 1988), *aff'd*, 878 F.2d 1445 (Fed. Cir. 1989).

1    To demonstrate the second element, Hynix, Micron, and Nanya must show that they relied

2    on the misleading conduct of Rambus in connection with taking some action.

3    Finally, to demonstrate the third element, Hynix, Micron, and Nanya must show that they

4    would be materially prejudiced if Rambus were permitted to proceed with its patent infringement

5    claims.  Prejudice may be shown by a change in economic position or loss of evidence.  You may

6    also find that the element of prejudice is satisfied if you find that Rambus's failure to timely

7    identify certain patent or patent applications relating to the work of JEDEC resulted in the

8    adoption of certain technologies into the industry standards.

9    If you find that Rambus's conduct supported an inference that Rambus did not intend to

10   assert patent infringement claims against Hynix, Micron, and Nanya, that they have shown that

11   they relied on Rambus's conduct in taking some action, such as agreeing to adopt an industry

12   standard, and that they will be materially prejudiced if Rambus is allowed to proceed with its

13   patent claims, then you should find that Hynix, Micron, and Nanya have demonstrated equitable

14   estoppel.

15

16   **Authority:**  Adapted from *A.C. Auckerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041-
     43 (Fed. Cir. 1992); *see also Electromotive Div. of General Motors Corp. v. Transportation
17   Systems Div. of General Electric Co.*, 275 F. Supp. 2d 850, 858 (E.D. Mich. 2003); *Potter
     Instrument Co. v. Storage Tech. Corp.*, 1980 WL 30330 (E.D. Va. 1980), *aff'd* 641 F.2d 190 (4th
18   Cir. 1981), *cert. denied*, 454 U.S. 832 (1981); *Stambler v. Diebold, Inc.*, 11 U.S.P.Q.2d 1709,
     1714-15 (E.D.N.Y. 1988), *aff'd*, 878 F.2d 1445 (Fed. Cir. 1989).

19

20

21

22

23

24

25

26

27

28

1

2

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

**INSTRUCTION NO. 39**

3   The Court has not stated that it intends to submit any non-jury issues to the jury for

4   advisory verdicts, and this instruction therefore is premature and unnecessary at this juncture.

5   The proposed instruction has not been submitted on behalf of Samsung, which raises equitable

6   estoppel, therefore making any objections to the instruction piecemeal.

7   The proposed instruction is entirely improper because it constitutes attorney argument, not

8   instructions about the legal standards applicable to the Manufacturers' claims and/or defenses.  In

9   fact, as evidenced by the argumentative rhetoric and the footnote citation to case law, the

10  instruction appears to have been block copied from one of the Manufacturers' prior briefs.

11  The instruction is legally incorrect, misleading and prejudicial because it misstates the

12  burden of proof, which, because the Manufacturers assert equitable estoppel based on fraud or

13  intentional misconduct, is clear and convincing rather than a mere preponderance.  *A.C.*

14  *Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1044-46 (Fed. Cir. 1992) (en banc).

15  The instruction also is legally incorrect, misleading and prejudicial because it does not

16  require, as an element of equitable estoppel, that the party asserting estoppel must have been

17  aware not only of Rambus but also of the issued patent that the party seeks to estop Rambus from

18  enforcing.  *Id*. at 1042; *Winbond Elecs. Corp. v. International Trade Comm'n*, 262 F.3d 1363,

19  1374 (Fed. Cir. 2001).

20  The instruction also is legally incorrect, misleading and prejudicial in stating that the first

21  element may be satisfied by "misleading conduct."  The Federal Circuit has made clear that the

22  first element is that the patentee "must 'communicate ... in a misleading way'" that the patentee

23  will not enforce its rights under an issued patent against the accused infringer.  *Aukerman*, 960

24  F.2d at 1042.

25  The proposed instruction also is legally incorrect, misleading and prejudicial by stating

26  that the party asserting equitable estoppel may satisfy the reliance element by showing the

27  reliance of some other party or entity – i.e., one of the other Manufacturers, or of JEDEC – rather

28  than its own reliance.

4043076.2

- 99 -

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 40**

2

**Waiver**

3

**[ADVISORY]**

4
    In response to the patent infringement claims that have been asserted against it by

5
Rambus, Hynix, Micron, and Nanya have raised an affirmative defense that Rambus waived its

6
rights to enforce its patents.

7
    In order to prove waiver, Hynix, Micron, and Nanya must show by clear and convincing

8
evidence either that Rambus, with full knowledge of the material facts, intentionally relinquished

9
its rights to enforce its patents or that its conduct was so inconsistent with an intent to enforce its

10
rights as to induce a reasonable belief that such right has been relinquished.

11
    Intent to relinquish rights may be shown by Rambus's statements or conduct. Mere silence

12
or inactivity does not constitute a waiver unless there is an obligation to speak or otherwise take

13
action. A participant in a standards setting organization such as JEDEC may have a duty to

14
disclose patents if the participants as a whole consider the standards setting body to impose such a

15
duty, even if the duty to disclose is not expressly stated in the written policies of the standards

16
setting organization.

17
    The duty to disclose patents or applications or to inform of known patents arises when the

18
intellectual property involved reasonably might be necessary to practice the standard under study

19
in the standard setting organization.  In other words, the duty would arise when a participant in

20
the standards setting organization reasonably would not expect a competitor to practice the

21
industry standard without a license under the patent.

22
    The defense of waiver, therefore, requires you to focus on the mental attitude of the party

23
alleged to have waived its rights, in this case Rambus. You must consider whether Hynix,

24
Micron, and Nanya have proven by clear and convincing evidence that Rambus knowingly

25
violated a duty to disclose its patents to JEDEC during the time that the standards at issue in this

26
case were being evaluated by JEDEC.  Detrimental reliance on the part of Hynix, Micron, or

27
Nanya or prejudice suffered by them is not an element of waiver.

28

1    **Authorities:**  Adapted from *Qualcomm Inc. v. Broadcomm Corp.*, 2007 WL 1031373 (S.D. Cal.
2    2007).

1

## RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY

2

## INSTRUCTION NO. 40

3       The Court has not stated that it intends to submit any non-jury issues to the jury for

4   advisory verdicts, and this instruction therefore is premature and unnecessary at this juncture.

5       The proposed instruction is entirely improper because it constitutes attorney argument, not

6   instructions about the legal standards applicable to the Manufacturers' claims and/or defenses.

7       The proposed instruction also is legally incorrect, misleading and prejudicial because it

8   instructs that a duty to disclose may arise out of unexpressed "consider[ations]" by members of a

9   standard setting organization. *See Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1102 (Fed.

10  Cir. 2003) ("there is a staggering lack of defining details in the EIA/JEDEC patent policy.   When

11  direct competitors participate in an open standards committee, their work necessitates a written

12  patent policy with clear guidance on the committee's intellectual property position.   A policy that

13  does not define clearly what, when, how, and to whom the members must disclose does not

14  provide a firm basis for the disclosure duty necessary for a fraud verdict."); *id*. at 1102 (no

15  disclosure duty based on "vaguely defined expectations as to what [JEDEC members] believe the

16  [JEDEC] policy requires--whether the policy in fact so requires or not"); *id*. at 1102 n.10

17  (criticizing the consequences of "after-the-fact morphing of a vague, loosely defined policy to

18  capture actions not within the actual scope of that policy").

19

20

21

22

23

24

25

26

27

28

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 41**

**Implied License**

**[ADVISORY]**

In response to the patent infringement claims that have been asserted against it by Rambus, Micron has asserted an affirmative defense of implied license.  One who owns a patent has the right to exclude others from making, using, or selling what is claimed, but may agree to let another person or entity to do one or more of those acts.  This is called a license, and the person allowed to do the set of acts is a licensee.

An implied license is a form of implied-in-fact contract. In order to prove the defense of implied license, Micron must establish by a preponderance of the evidence that: (1) Rambus's overall course of conduct gave rise to a reasonable inference that Rambus assented to the activities by Micron that Rambus has accused of patent infringement, and (2) that Rambus provided its assent in exchange for valuable consideration.

In deciding whether Micron has proved the existence of an implied license, you may consider statements and conduct from which one would reasonably infer Rambus's consent to Micron's making, using, or selling products to persons other than Rambus under the patents-in-suit. If you find that a right to make, use, or sell the inventions claimed in the patents-in-suit was granted to Micron, then you should find an implied license was granted to Micron by Rambus.

**Authority:**  Adapted from *Wang Laboratories, Inc. v. Mitsubishi Elec. Am., Inc.*, 103 F.3d 1571 (Fed. Cir. 1991).

1    **RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY**

2                                    **INSTRUCTION NO. 41**

3           The Court has not stated that it intends to submit any non-jury issues to the jury for

4    advisory verdicts, and this instruction therefore is premature and unnecessary at this juncture.

5    The proposed instruction has not been submitted on behalf of Samsung, which raises implied

6    license, therefore making any objections to the instruction piecemeal.

7           The proposed instruction is entirely improper because it constitutes attorney argument, not

8    instructions about the legal standards applicable to the Manufacturers' claims and/or defenses.

9           The instruction is legally incorrect, misleading and prejudicial because it fails to instruct

10   that Micron must show that Rambus was a patentee under an issued patent at the time of the

11   conduct in question; that Rambus licensed or assigned a right to Micron; and that Rambus

12   thereafter sought to derogate from a right actually granted.  *Wang Labs., Inc. v. Mitsubishi*

13   *Electronics Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997).  The instruction also is confusing

14   and prejudicial because it fails to define the elements of actual assent or valuable consideration.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MANUFACTURERS' PROPOSED JURY INSTRUCTION NO. 42**

2

**Advisory Verdicts**

3      Although the questions of whether equitable estoppel, waiver, and implied license apply

4  in this case are questions that I will decide, I will ask for your findings so that I can consider them

5  in making those decisions.  You should make serious determinations on these issues as you would

6  for any other issues in this case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RAMBUS'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED**

2

**JURY INSTRUCTION NO. 42**

3

     The Court has not stated that it intends to submit any non-jury issues to the jury for

4

advisory verdicts, and this instruction therefore is premature and unnecessary at this juncture.

5

The proposed instruction has not been submitted on behalf of Samsung, which raises equitable

6

claims and defenses, therefore making any objections to the instruction piecemeal.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4043076.2

- 106 -

RAMBUS INC.'S OBJECTIONS TO THE MANUFACTURERS' PROPOSED JURY INSTRUCTIONS (POST-EVIDENCE)
CASE NOS. 00-20905 RMW, 05-00334 RMW, 05-02298 RMW, 06-00244 RMW