E-filed: 1/5/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE THE TESTIMONY OF PETER IVEY AND JOSEPH McALEXANDER REGARDING ALTERNATIVE TECHNOLOGIES AND GRANTING IN PART AND DENYING IN PART MOTION *IN LIMINE* NO. 7 TO EXCLUDE THE TESTIMONY OF McALEXANDER REGARDING JEDEC'S KNOWLEDGE OF RAMBUS'S PATENT RIGHTS<br><br>**[Re Docket Nos. 2627 and 2628]** |

| | |
|---|---|
| RAMBUS INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>      Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket Nos. 549 and 554]** |
| RAMBUS INC.,<br><br>      Plaintiff,<br><br>  v. | No. C-05-02298 RMW<br><br>**[Re Docket Nos. 398 and 399]** |
| RAMBUS INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>      Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket No. 240 and 241]** |

This order addresses two motions brought by Rambus challenging the admissibility of the opinion testimony of Joseph McAlexander and Professor Peter Ivey. Motion *In Limine* No. 6 seeks

to exclude both expert's opinion on the viability of alternatives to Rambus's technologies, and Motion *In Limine* No. 7 requests exclusion of McAlexander's opinion on JEDEC's knowledge of Rambus's patent rights. The Manufacturers[1] jointly oppose the motions. The court has reviewed the papers and considered the arguments of counsel.

For the reasons set forth below, the court grants in part and denies in part Motion *In Limine* No. 6. McAlexander may testify concerning the technological viability of alternatives to Rambus's designs with the exception that he may not testify regarding the purported feasability of an STDRAM alternative. Professor Ivey is similarly precluded from testifying regarding the purported feasability of an STDRAM alternative. McAlexander is also precluded from testifying as to the costs of implementing alternative technologies.

Motion *In Limine* No.7 is granted in part and denied in part. McAlexander may give his opinion on whether one ordinarily skilled as a memory technology engineer would have been on notice in the early to mid-1990's, based upon the evidence before JEDEC at the time, that Rambus would seek to obtain patents rights covering JEDEC's SDRAM features. However, McAlexander may not testify as to the state of mind of any particular JEDEC subcommittee member. He also is precluded from opining that the claims that issued on Rambus's patents after the JEDEC standard was adopted do not read on the JEDEC standard or that the Federal Circuit's claim construction in *Rambus Inc. v. Infineon Technologies AG*, 318 F.3d 1081, 1092-1095 (Fed. Cir. 2003) is wrong.

### I. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. An expert must be qualified by virtue of his or her "knowledge, skill, experience, training, or education." FRE 702. Expert testimony must also be helpful to the trier of fact in understanding the evidence or determining a fact in issue. *Id.* Finally, the court must be convinced that the expert testimony is reliable. *Id.* Reliable testimony must be (1) "based upon sufficient facts or data," (2) "the product of

---

[1] For the purposes of this order, the court uses "the Manufacturers" to mean all of the Hynix, Micron, Nanya, and Samsung entities in these cases.

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF PETER IVEY AND JOSEPH McALEXANDER REGARDING ALTERNATIVE TECHNOLOGIES AND GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 7 TO EXCLUDE THE TESTIMONY OF McALEXANDER REGARDING JEDEC'S KNOWLEDGE OF RAMBUS'S PATENT RIGHTS
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF      3

reliable principles and methods," and (3) a sound application of the principles to the facts. *Id.* "Facts or data" may include other experts' reliable opinions or hypothetical facts that are supported by the evidence. FRE 702, Adv. Committee Note (2000); *see* FRE 703. The Supreme Court has confirmed that "the Rules of Evidence—especially Rule 702—do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

As an initial matter, the parties debate how a court should exercise its "gatekeeper" obligation regarding expert testimony. Rambus emphasizes the "substantial danger" and "quite misleading" nature of improper expert testimony. Motion *In Limine* 6 at 2:17-22 (citing cases). The Manufacturers contend that the court's gatekeeper role is a "limited" one (Opp. 2:8-9 citing 4-702 WEINSTEIN'S FEDERAL EVIDENCE § 702.05 (2007) and that "rejection of expert testimony is the exception rather than the rule." FRE 702, Adv. Committee Note (2000). Putting aside the parties' characterizations of the gatekeeper role, the party offering expert testimony must demonstrate by a preponderance of the evidence that its expert's opinions are reliable. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743-44 (3d Cir. 1994). While the court has broad discretion in deciding whether that standard has been met, the court cannot shirk its gatekeeper duties. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 142, 146 (1997); *compare with id.* at 148 (Breyer, J., concurring).

## II. ANALYSIS

### A. Viability of Alternative Technologies

Rambus moves to exclude McAlexander's testimony regarding whether various alternative technologies were viable substitutes for Rambus's technology, arguing that McAlexander's methodology is unreliable. In particular, Rambus faults McAlexander's analysis because McAlexander has not done any design work or simulations to prove that the alternative technologies would operate as anticipated. Instead, McAlexander relies on his review of JEDEC documents to support his viability conclusions. Rambus argues that McAlexander did not employ the same level of intellectual rigor that characterizes ordinary practice and that his testimony is therefore unreliable.

*See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151-52 (1999).

McAlexander testified that he did not do any design work on alternative technologies or run any simulations. Detre Decl., Ex. 5, 126:12-127:9. He explained that he was not requested to do design work or simulations and that he drew his conclusions on viability based on his review of documents presented to JEDEC. *Id.* The depositions of McAlexander and fellow Manufacturers' expert Professor Peter Ivey suggest that design work and simulation are necessary steps to determine if a chip will actually work. Detre Decl., Ex. 5 at 44:12-24 (testimony of McAlexander describing process of simulating a new chip design); Ex. 4 at 14:5-23 (testimony of Dr. Ivey confirming that simulation and testing are part of standard logic design).

The Manufacturers respond by first suggesting that performing design work and simulations are not necessary for an expert's methods to be deemed reliable because the FTC found otherwise in *In the Matter of Rambus, Inc.*, Docket No. 9302, Opinion of Commission (2006). Opp. 6 at 6:6-7; *see id.* at 6:20-7:2. The FTC did not make a finding that design work and simulations are not necessary. Although the Manufacturers cite pages 81-96 of the FTC's liability opinion where the FTC discusses alternative technologies in the context of antitrust liability, the FTC does not consider, at least expressly, whether design work or simulations are necessary as a basis for a reliable opinion that proposed alternatives are viable substitutes.

The Manufacturers next argue that McAlexander's conclusions about viability are reliable because many of the suggested alternative technologies are now commercially available and because the alternatives would not have been presented to JEDEC if they would not work. In considering expert testimony, the court does not scrutinize an expert's conclusions but rather is required to find by a preponderance of the evidence that the expert's methodology is reliable. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994). The court concludes that McAlexander's opinion that those alternatives presented to JEDEC were technologically viable is sufficiently reliable to be considered by the fact-finder. McAlexander is clearly qualified to understand and explain how the alternatives work. Further, although Rambus argues that presentation of an alternative at JEDEC

says nothing about viability, there is sufficient evidence to allow a reasonable inference that a member company would not bring a proposal to JEDEC that could not be incorporated into a standard. Finally, the fact that many of the alternatives discussed are now commercially available suggests that they, in fact, would work as anticipated.

Rambus also argues that McAlexander's testimony adds nothing helpful for the jury since it is based on nothing more than various presentations to JEDEC. Rambus contends that the jury can determine what weight to give to evidence presented at JEDEC meetings without McAlexander's help. The court agrees with the Manufacturers who point out that given the number and complexity of the technical issues, McAlexander's testimony interpreting and explaining documents and other evidence about alternatives presented to JEDEC will be helpful. *See* Fed. R. Evid. 702.

McAlexander's report, however, provides no cost analysis except an assumption that the alternative technologies would not have been presented to JEDEC if their costs were prohibitive. This provides little foundation for an opinion that the alternatives considered would have been feasible from a cost standpoint. Further, McAlexander offers no foundation for his understanding of JEDEC committees evaluated costs or went about receiving or considering the costs of alternatives. Unlike the difficulty of understanding technical evidence, there is no reason to believe that a jury could not understand rules or policies of JEDEC and its members regarding how they evaluated costs of alternatives. McAlexander is, therefore, precluded from testifying as to the costs associated with replacing Rambus technologies with feasible alternatives.

Rambus's Motion *In Limine* No. 6 also addresses "self-timed DRAM" or "STDRAM," a specific alternative to certain Rambus technology advanced by Prof. Ivey and endorsed by McAlexander. Prof. Ivey conducted extensive design work and simulations of STDRAM that he includes in his reports. *See generally* Detre Decl., Exs. 1, 2 (expert reports of Dr. Ivey). Rambus does not fault Prof. Ivey's analysis of the functionality of STDRAM for the purposes of this motion; rather, Rambus argues that JEDEC could not have considered STDRAM as an alternative to various Rambus features and that Prof. Ivey and McAlexander's testimony regarding the STDRAM is

therefore irrelevant.

Prof. Ivey began work on his STDRAM alternative around November of 2004. Detre Decl., Ex. 4 at 175:8-20. He testified that no one at JEDEC ever considered an STDRAM proposal, although JEDEC engineers may have been aware of research into self-timed DRAM technology. *Id.* at 27:17-30:13. The Manufacturers argue that while no one at JEDEC officially considered STDRAM, JEDEC members would have explored the field of asynchronous DRAMs had they known about Rambus's patents on various synchronous DRAM technologies.

The fact that JEDEC members never considered STDRAM (nor could they have, given that Prof. Ivey did not develop it until 2004) means that it could not have been a close substitute that could have constrained Rambus's power to raise prices on its technologies. Further, whether someone would have undertaken the task of designing an STDRAM and presented it to JEDEC at the relevant time if JEDEC was aware of Rambus's technology is, at best, pure speculation. Accordingly, the STDRAM evidence is irrelevant to proving a relevant technology market, an essential element of the Manufacturers' antitrust claims. Therefore, Prof. Ivey's testimony, and McAlexander's reliance on it, is excluded.

### B. JEDEC's Knowledge of Rambus's Patent Rights

The Manufacturers also intend to have McAlexander testify to how a reasonable JEDEC representative would have read the various patent applications and patents that Rambus shared with JEDEC. McAlexander's opinion is that a JEDEC member reading those materials would not have understood Rambus's potential intellectual property to extend beyond memory architectures with a narrow, multiplexed bus. *See* Detre Decl., Ex. 3 at 38-54 (McAlexander report, section 8). Accordingly, the Manufacturers proffer McAlexander to testify that Rambus's disclosures would not have put a JEDEC member on notice that Rambus could have intellectual property claims that covered the SDRAM standards. *Id.*

Rambus argues that McAlexander's methodology "is plainly unreliable because it leads to opinions at odds with the *Infineon* decision and prior orders of this Court." Motion *In limine* No. 7

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF PETER IVEY AND JOSEPH McALEXANDER REGARDING ALTERNATIVE TECHNOLOGIES AND GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 7 TO EXCLUDE THE TESTIMONY OF McALEXANDER REGARDING JEDEC'S KNOWLEDGE OF RAMBUS'S PATENT RIGHTS
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF 7

at 1. Rambus's argument would make sense if patent interpretation were that simple. But prior to the adoption of the JEDEC standard, the scope of Rambus's specification was subject to interpretation, the claims that cover the JEDEC standard had not issued, and, obviously, the *Infineon* decision had not been rendered. The question of what JEDEC members knew about Rambus's potential patent coverage at the time it adopted the standard is clearly relevant. Therefore, McAlexander's opinion as to whether an ordinarily skilled engineer in memory technology would have believed, based upon the information provided to JEDEC, that Rambus had claims or a potential basis for obtaining claims relating to JEDEC SDRAM features is admissible. The issue on which McAlexander can opine is different from the issue of how the claims of Rambus's patents issued after the adoption of the JEDEC standard should be interpreted. McAlexander is precluded from testifying that the claims that were issued after the adoption of the JEDEC standard do not cover the standard or that the construction set forth in *Infineon* is wrong. He is also precluded from testifying as to the state of mind of any particular JEDEC subcommittee member.

### III. ORDER

The court grants in part and denies in part Motion *In Limine* No. 6:

1. McAlexander may testify concerning the technological viability of alternatives to Rambus's designs with the exception that he may not testify regarding the purported feasability of an STDRAM alternative;

2. Professor Ivey is precluded from testifying regarding the purported feasability of an STDRAM alternative; and

3. McAlexander is precluded from testifying as to the costs of implementing alternative technologies.

The court grants in part and denies in part Motion *In Limine* No. 7:

1. McAlexander may give his opinion on whether one ordinarily skilled as a memory technology engineer would have been on notice in the early to mid-1990's, based upon the evidence before JEDEC at the time, that Rambus could obtain patents rights covering JEDEC's SDRAM

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF PETER IVEY AND JOSEPH McALEXANDER REGARDING ALTERNATIVE TECHNOLOGIES AND GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 7 TO EXCLUDE THE TESTIMONY OF McALEXANDER REGARDING JEDEC'S KNOWLEDGE OF RAMBUS'S PATENT RIGHTS
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF                                                                                                    8

features;

2. McAlexander may not testify as to the state of mind of any particular JEDEC subcommittee member; and

3. While McAlexander may give his opinion of how a person of ordinary skill in the art would have understood Rambus' patent rights based upon information provided to JEDEC, (information that did not include any claims covering the SDRAM standard), McAlexander may not testify that the *Infineon* decision is wrong. Rambus may of course cross-examine McAlexander regarding how a person of ordinary skill in the art would have understood the Rambus specifications and patents that were provided to JEDEC.

DATED: 1/5/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com, |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | knnissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/5/08                                          TSF
                                                           **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF PETER IVEY AND JOSEPH McALEXANDER REGARDING ALTERNATIVE TECHNOLOGIES AND GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 7 TO EXCLUDE THE TESTIMONY OF McALEXANDER REGARDING JEDEC'S KNOWLEDGE OF RAMBUS'S PATENT RIGHTS
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF                                                                    10

**United States District Court**
For the Northern District of California