E-filed: 1/21/2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION *IN LIMINE* No. 12 TO PRECLUDE THE PLAYING OR READING OF PRIOR TESTIMONY IN OPENING STATEMENTS<br><br>**[Re Docket No. 2845]** |

| | |
|---|---|
| RAMBUS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>        Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket No. 821]** |
| RAMBUS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.<br><br>        Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket No. 455]** |

Trial in these three consolidated cases is set for January 29, 2008. The Manufacturers[1] hope to prove that Rambus, among other things, monopolized or attempted to monopolize six technology markets. The technology markets cover various technologies essential for making DRAMs.

This order addresses Rambus's twelfth motion *in limine* to preclude playing or reading prior testimony in their opening statements. The motion simply seeks to limit counsels' opening

---

[1] For purposes of this order, the court collectively refers to the Hynix, Micron, and Nanya entities as "the Manufacturers."

1 statements to descriptions of what the evidence will show, and to prevent counsel from reading prior
2 testimony or playing snippets of video depositions. The court has reviewed the papers and
3 considered the arguments of counsel.

4 There is sparse case law on whether a court should permit parties to play portions of video
5 depositions in their opening statements. Indeed, the parties' briefing do not cite any cases involving
6 civil jury trials.[2] Nonetheless, one respected treatise recommends the practice as "very effective"
7 advocacy. Jones, Rosen, Wegner, & Jones, *Rutter Group Practice Guide: Federal Civil Trials &*
8 *Evidence* ¶¶ 6:272-6:275 (2007).

9 The court is less sanguine regarding the practice. Videotaped testimony may seem more
10 believable or important to the lay jury because it can both see and hear the witness. During
11 argument, Rambus submitted that it cannot "preview" what its live witnesses will look like and
12 testify to; it can only generally describe what it hopes to elicit. On the other hand, if unrestricted, a
13 video deposition can be shown once in opening, again during trial (at least once), and in closing in
14 the exact same form. Repeatedly showing the same few deposition segments seems to exalt the
15 relevance of those videotaped shreds of evidence over live testimony. *Cf.* Federal Judicial Center,
16 *Effective Use of Courtroom Technology: A Judge's Guide to Pretrial and Trial*, 156 (2001).

17 //
18 //
19 //
20 //
21 //
22 //
23 //

---

[2] The court has found one written order from the Western District of Wisconsin where Judge Crabb permitted a party to play segments of a video deposition in its opening statement. *MBI Acquisition Partners, L.P. v. Chronicle Pub. Co.*, 2002 WL 32349903, at *1 (W.D. Wis. Oct. 2, 2002).

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE No. 12 TO PRECLUDE THE PLAYING OR READING OF PRIOR TESTIMONY IN OPENING STATEMENTS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF     3

Accordingly, the court grants Rambus's motion with respect to segments of videotaped deposition testimony. Neither side shall use any videotaped deposition testimony in its opening statement. With respect to reading deposition transcripts, the court does not share Rambus's concerns about a lay jury giving undue weight to a verbatim reading. Accordingly, the remainder of Rambus's motion is denied. If the parties wish to read a portion of a deposition transcript in their opening statement, they are to exchange any excerpt with opposing counsel sufficiently in advance of opening statements so that the court can rule on any dispute over use.

DATED:   1/21/2008

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com, |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/21/2008                              TSF
                                                  **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART RAMBUS'S MOTION IN LIMINE No. 12 TO PRECLUDE THE PLAYING OR READING OF PRIOR TESTIMONY IN OPENING STATEMENTS
C-00-20905; C-05-00334; C-06-00244 RMW
TSF                                               5